## FERGUSON ET AL. *v.* WAGNER.

PROMISSORY NOTE AND MORTGAGE. — *Condition.—Tender.—*A mortgage to secure a note for one thousand dollars contained the following clause: "We, the mortgagors, expressly agree to pay the sum of money above secured, without any relief from valuation or appraisement laws; reserving to themselves the right, and this note and mortgage is given upon that expressed condition, to pay the mortgage within the period of twenty days from the date hereof, the sum of nine hundred dollars, eight hundred cash and one hundred dollars in a promissory note payable one day after date, which he agrees to accept in consideration of the above mortgage debt and cause the same to be entered of record." On the trial of an action to foreclose said mortgage, there was a

special finding, that one of the mortgagors had offered to pay the eight hundred dollars and deliver the note for one hundred dollars, within the twenty days, on condition that the mortgagee would assign and transfer the note for one thousand dollars and the mortgage to a third person.

*Held,* that the offer did not amount to a tender within the above clause of the mortgage; and it was not important what reason the mortgagee gave for his refusal to accept the offer.

PLEADING.—*Reply.*—*Failure to Reply.*—Where there are separate paragraphs of an answer filed by different defendants, a reply in these words, " The plaintiff for reply to defendant's answer, says that he denies each and every allegation to the answer," may be taken to be a reply to each paragraph of the answer. At all events, a defendant going to trial without objection waives a reply to his answer, and the same will be regarded as controverted.

APPEAL from the Cass Common Pleas.

WORDEN, J.—This was an action by the appellee, Lewis Wagner, against Sebastian C. Ferguson and Joseph Z. Wagner and their wives, to foreclose a mortgage executed by the said Sebastian and Joseph Z., together with their wives, to the said Lewis, to secure the payment of a note for one thousand dollars, due one year from date, with interest at the rate of ten per cent. per annum. The note and mortgage were dated June 28th, 1869. Richard Ferguson was made a party defendant to answer as to his interest in the premises, he having purchased the equity of redemption.

The mortgage contained the following clause:

" We, the mortgagors, expressly agree to pay the sum of money above secured, without any relief from valuation or appraisement laws, reserving to themselves the right, and this note and mortgage is given upon that expressed condition, to pay the mortgage within the period of twenty days from the date hereof, the sum of nine hundred dollars, eight hundred dollars cash and one hundred dollars in a promissory note payable one day after date, which he agrees to accept in consideration of the above mortgage debt and, cause the same to be entered of record."

The defendants Sebastian C. Ferguson and Joseph Z. Wagner pleaded a tender of the money, and a note signed by them, in accordance with the terms, and within the time provided for by the above stipulation, and brought the

money and note into court and deposited them with the clerk.

Richard Ferguson answered, that, within twenty days after the execution of the note and mortgage, he purchased the interest of the said Sebastian in the premises, with full knowledge of the existence of the mortgage and the conditions thereof; that it was a part of the condition of his purchase that eight hundred dollars of the purchase-money paid by him should be applied by the said Sebastian in the discharge of the said mortgage debt, in accordance with the conditions of the mortgage; that he subsequently purchased the interest of the said Joseph Z. Wagner; that all his purchases have been made subject to the mortgage, and with the knowledge that the payment had been tendered to the mortgagee, in accordance with the conditions of the mortgage, within the period of twenty days after the execution thereof, and that the tender had been kept good, etc.; wherefore he says that the mortgaged premises are discharged of the lien, etc.

The plaintiff replied in these words:

"Wagner *v.* Ferguson. The plaintiff, for reply to defendant's answer, says that he denies each and every allegation to the answer."

There was a second paragraph of the replication, but as no point is made upon it in the brief of counsel, we need not notice it further.

The cause was submitted to the court for trial, and the court found the facts specially, and stated its conclusions of law thereon. We set out so much of the facts found and the legal conclusions as are necessary to an understanding of the grounds upon which a reversal is asked in the brief of counsel for the appellants. The court found, amongst other things, "that the defendants Sebastian C. Ferguson and Joseph Z. Wagner, on the 12th day of July, 1869, made and signed their promissory note for one hundred dollars, payable to the plaintiff, due one day after date, waiving valuation laws, and stipulating to pay ten per cent. per annum inter-

est; that the defendant Joseph Z. Wagner, on the day last aforesaid, informed the plaintiff that such a note had been drawn up and signed, and was in the possession of his codefendant, Sebastian C. Ferguson, who intended to deliver the same, together with eight hundred dollars, to plaintiff, in payment and satisfaction of the said mortgage, but warned the plaintiff not to accept the said note, as his signature thereto had been procured by fraud, and he would not pay the same; that soon after the plaintiff had been so informed, and on said 12th day of July, 1869, the defendant Sebastian C. Ferguson tendered to the plaintiff eight hundred dollars in cash, and the note for one hundred dollars above described, if the plaintiff would assign and transfer the said note for one thousand dollars and the said mortgage to the defendant Richard Ferguson; that the said eight hundred dollars and the one-hundred-dollar note aforesaid were not tendered to the plaintiff unconditionally and in payment and full satisfaction of said one-thousand-dollar note and mortgage, but the said tender was made upon the condition that the said note and mortgage should be assigned and transferred to the said Richard Ferguson as aforesaid and the plaintiff refused to accept said money and note so tendered, for the reason that the same was offered, not in payment and satisfaction of said note and mortgage, but for the purpose of procuring the assignment of the same to Richard Ferguson."

As a conclusion of law upon the facts found by the court, the court say, "that there was no tender by the defendants, or either of them, to the plaintiff of eight hundred dollars and a promissory note for one hundred dollars, within twenty days after the execution of the note and mortgage sued on, in payment and satisfaction thereof, as was contemplated by the provisions of the mortgage; that the plaintiff had the right to reject the conditional tender made to him, and hold the defendants liable upon the note and mortgage sued on."

There was no exception to the conclusion of law upon the

facts found, but the defendants moved for a new trial, for the reason, amongst other things, that the finding was not sustained by the evidence. The defendants excepted. Richard Ferguson moved for judgment in his favor on the pleadings, because his separate answer was not replied to, and was therefore to be taken as confessed to be true, but this motion was overruled, and he excepted. It was ordered that the plaintiff receive the eight hundred dollars tendered by defendants, and deposited with the clerk, and have judgment of foreclosure for the residue of the thousand dollars and interest.

There are but two questions made in the cause. First. Does the evidence sustain the finding of the court on the subject of the tender? Second. Was Richard Ferguson entitled to judgment on the ground that his answer had not been replied to?

The evidence in respect to the tender was somewhat conflicting. Possibly it might be said that the evidence preponderated in favor of the defendants. But there certainly was evidence in support of the finding. The plaintiff testified as follows: "On the 12th of July, 1869, Joseph Z. Wagner, one of the defendants, came to me in the field, in Howard county, and told me that Ferguson would be down to make a tender on that mortgage. He said he had the money and a note signed by himself and Ferguson for one hundred dollars, and warned me not to take the tender, and said that the note had been got by fraud, and that the Fergusons wanted to get the property in their own hands. Soon after he went away, Ferguson came. He brought Alfred Brower with him. He said that he had come to redeem that mortgage, and that if I would come to the house and sign it over to his father, Richard Ferguson, he would give me the money; he never offered me any note; he said he had a note signed, and would put a stamp on it and cancel it; he never said that I could have the note and money without the conditions; I don't consider that he ever made a tender of the note at all; I never saw it; he never offered to make the tender in full

payment of the mortgage and note without the condition that I should assign the mortgage to his father; I told him that my brother had notified me that the note was not good, and that I should not take it."

There was other evidence tending strongly to show that an unconditional tender was made, but under the well-established practice, we cannot, in such case, disturb the finding below.

But it is urged that, as the plaintiff gave as a reason for not accepting the supposed tender, that he had been notified that the note supposed to have been tendered was not good, he cannot be heard to set up any other reason for refusing the tender. If, however, as found by the court, no offer of the money and note was made to the plaintiff, except upon the condition that he would assign the mortgage and the note secured thereby to Richard Ferguson, then there was really no tender made at all. Such offer was a mere overture; a mere proposition, to be accepted or rejected, as the plaintiff saw fit. Such offer falls far short of a tender. The finding of the court, as above set out, is a finding in substance that there was no tender made at all. When the offer of the note and money was made to the plaintiff if he would make the assignment, he had a right to reject the offer for any reason he saw proper to give, or without any reason whatever; and no reason which he might give for rejecting such offer could convert it into a tender in satisfaction of the note and mortgage sued on.

We pass to the second question. We are inclined to the opinion that the reply filed might well be regarded as applying to the answers of all the defendants. But if this is not the case, the defendant Richard Ferguson, by going to trial without a reply to his answer, waived the filing of such reply, and his answer will be deemed as controverted, without such reply's being filed. *Irvinson* v. *Van Riper*, 34 Ind. 148; *Train* v. *Gridley*, 36 Ind. 241; *Pattison* v. *Vaughan*, 40 Ind. 253.

The judgment below is affirmed, with costs.

*D. B. McConnell* and *H. C. Thornton,* for appellants.

*T. C. Annabal* and *D. B. Anderson,* for appellee.