*J. McCabe*, for appellant.

*W. C. Wilson* and *J. H. Brown*, for appellee.

———————⊗———————

## McALISTER v. HOWELL.

BOND.—*Consideration.*—*Restraint of Trade.*—Suit for breach of a bond conditioned that the defendant would not sell intoxicating liquor of any kind within a certain town or a certain township, for the term of one year. The expressed consideration was, that the obligee had given a like bond to the defendant.

*Held,* that the obligations of the parties must be regarded as independent, and that the execution of each instrument was an ample and valid consideration for the execution of the other; the execution and not the performance being the consideration.

*Held,* also, that the bond was not void as being in restraint of trade and therefore against public policy.

SAME.—*Instructions.—Intention of Parties.*—The court charged the jury, in substance, that if the defendant had violated his agreement, the plaintiff was entitled to recover so far as any defence that could be shown under the general denial was concerned, "no matter for what purpose, or under what circumstances the defendant sold the liquor." The court also left it to the jury to determine as a question of fact (the defendant having filed an answer to that effect), whether it was the intention of the parties, and understood between them at the time the bonds were executed, that the defendant might sell whiskey, etc., as a medicine, and if they should so find, and that defendant had not sold for any other purpose, and only "to persons laboring under some disease, which in the opinion of a competent physician required for the cure of such disease the liquors thus sold by the defendant," he was entitled to recover. The evidence proved that the defendant was a physician.

*Held,* that these charges were not liable to objection on the part of the defendant.

SAME.—*Parol Agreement.—Written Contract.*—A charge asked by the defendant, which undertook to control the written contract by a contemporaneous parol agreement inconsistent with the terms of the writing, was properly refused.

PLEADING.—*Failure to Reply.*—An affirmative answer, where the case has been tried without a reply, will be deemed to have been controverted on the trial, in the same manner as if a reply in denial had been filed.

APPEAL from the Tipton Common Pleas.

WORDEN, J.—Action by the appellee against the appellant. The complaint was in two paragraphs, which were much alike, on the following instrument executed by the defendant to the plaintiff, viz.:

"Know all men by these presents, that I, Lewis McAlister, of Tipton county, Indiana, am held and firmly bound to Thomas Howell in the penal sum of five hundred dollars, for the payment of which well and truly to be made and done I bind myself firmly by these presents, sealed with my seal and dated this 3d day of May, 1870. The condition of the above obligation is such that, whereas the said Thomas Howell has given the said Lewis McAlister a penal bond in the sum of five hundred dollars, conditioned that the said

Thomas Howell shall not sell intoxicating liquors of any kind in the town of Windfall or Wildcat township, for the term of one year from the date hereof; now it is expressly agreed between the parties that the said Lewis McAlister shall not sell intoxicating drink, or liquors of any kind, during said term of one year, in the town of Windfall or township of Wildcat, and on the forfeiture of said bond, the same may be put in suit immediately, then the above to be void on compliance with the conditions thereof. Witness my hand and seal the day and year aforesaid.

"L. McAlister. [seal.]"

Breach, that defendant sold intoxicating drinks and liquors during the time and at the place specified.

The defendant demurred to each paragraph of the complaint, but the demurrers were overruled and he excepted. He then answered in six paragraphs. A demurrer was sustained to the second, which need not be further noticed, no exception being taken. The other paragraphs were as follows, in substance:

First. Want of consideration.

Third. That the defendant executed the instrument sued upon, in consideration of the execution of the bond executed by the plaintiff to the defendant, and for no other consideration; and that the plaintiff had broken his said bond by selling intoxicating liquor in violation thereof, more than ten times. The bond executed by the plaintiff is not made a part of this paragraph.

Fourth. This paragraph is filed by way of cross complaint, and may be regarded as setting up matter of set-off. It alleges that the plaintiff executed to the defendant the following obligation, viz.:

"State of Indiana, Tipton county, Indiana, ss. Know all men by these presents, that I, Thomas Howell, of Tipton county, and State of Indiana, am held and firmly bound unto L. McAlister, of Tipton county, and State of Indiana, in the penal sum of five hundred" [dollars,] "for which payment truly to be made, I bind myself, my heirs, executors, and

administrators, forever, by these presents, this 3d day of May, 1870. The condition of the above obligation upon the conditions following, to wit: Whereas the above bound Thomas Howell is now engaged in the sale of intoxicating liquors less than a quart at a time, in the town of Windfall, in said county and State aforesaid, under a license issued by a board of commissioners of said county, under the license laws of the State of Indiana; whereas the said McAlister has this day purchased a part of the stock of liquors of the said Howell, now on hand in his grocery, in said town of Windfall, and license, which purchase is made upon the express agreement that the said Howell will not in any way, directly or indirectly, engage in the sale of intoxicating liquors of any kind or description, or in any quantities, for one year from this date, in said town or township in which said town is situated;

"Now if the said Thomas Howell will not, in one year from this date, engage in the sale of intoxicating liquors of any kind or quantity in said town or township, then this bond shall be null and void; otherwise the same shall remain in full force and virtue in law; this 3d day of May, 1870. And upon each and every violation of this bond, the said Thomas Howell shall forfeit and be liable in the sum and for the payment of fifty dollars thereof.

"THOMAS HOWELL. [SEAL.]"

Breach, that the plaintiff broke his said bond by selling intoxicating liquors of many kinds, in violation thereof, within the interdicted time and territory twenty times, whereby he became liable to the defendant for the full amount of the bond, for which amount he demands judgment, or for so much as may be found due him on the trial.

Fifth. That at the time of the execution of the bond sued on, the plaintiff was keeping a drinking saloon in the town of Windfall in said county, and divers drinking and disorderly persons were accustomed to loaf about the said saloon and idle away their time, to the great annoyance of the good citizens of the town and township; that at the same time,

and in the same town, the defendant kept and owned a drug store, and was a practising physician, and was engaged in the practice of his profession, and in the compounding of drugs and medicines for the legitimate use and purposes of his profession as druggist and physician; and in the preparation of his medicines and drugs, he had to and did use liquors which were intoxicating; all of which the plaintiff well knew at the time of the execution of the bond in suit; that in consideration that the plaintiff would quit the sale of intoxicating liquors in said town (which was an annoyance to the defendant and many of the good citizens of said town and township), and not in any way, directly or indirectly, engage in the sale of intoxicating liquors for one year, the defendant purchased a part of the liquors on hand belonging to the plaintiff for the legitimate and express purpose of using the same in his business as druggist and physician, and in no other way whatever; that he has kept all his promises and agreements with the plaintiff, and has not sold intoxicating drinks to any person or persons in violation of his covenant with the plaintiff, but has confined his sales strictly to the legitimate uses for which liquors were purchased from the plaintiff; nor has he sold any liquors to any one otherwise than in the lawful and legitimate business of his profession as physician and druggist; wherefore, etc.

Sixth. General denial.

On these pleadings the cause was submitted to a jury for trial, and there was a verdict and judgment rendered for the plaintiff for the sum of two hundred dollars.

On the trial, the court gave to the jury the following, amongst other instructions:

"1st. The plaintiff, in order to recover in this case, must prove that the defendant has, some time between the execution of the bond on which the action is brought, the 3d day of May, 1870, and the 3d day of May, 1871, sold intoxicating liquors to some person in the town of Windfall, or Wildcat township; and if he has proved this by a preponderance of evidence, he is entitled to recover under the

general denial, no matter for what purpose or under what circumstances the defendant sold the liquor.

"2d. But the defendant has set up some special defences, which he is bound to sustain by a preponderance of evidence in order to defeat this action. The first of which is, that this bond upon which the suit is brought was executed by the defendant without any consideration whatever; and, of course, if the defendant has proved this allegation to your satisfaction, the action is defeated, and your finding should be for the defendant.

"3d. But if the evidence proves that the bond was executed in consideration that the plaintiff gave a like bond, or that the defendant" [plaintiff] "had been selling intoxicating drinks, and that he would cease selling for the term of one year, the answer of want of consideration has failed, because either is a good consideration.

"4th. The defendant also set up as a defence in his answer that at the time of the execution of the bond on which suit is brought, he was a druggist and practising physician in said township of Wildcat, and that as such it was necessary for him to use intoxicating liquors for medical purposes, and that it became and was absolutely necessary for him to use such liquors for medicinal purposes at all times, which was well known and understood by the parties at the time of the execution of the contract, and that as a consequence the right of the defendant thus to use spirits was, by the terms of the contract, reserved to him, and that he sold no intoxicating liquors during the time, that is, between the 3d day of May, 1870, and the 3d day of May, 1871, for any other than medical purposes.

"5th. And if the jury believe from the evidence that it was understood and was the intention of the parties, at the time the bonds were executed to each other, that the defendant might use and sell whiskey or other intoxicating liquors as a medicine, and that he never within the time specified, sold for any other purpose, you may find for the defendant; but such sale must be proven to have been honestly made,

in good faith, for that purpose, and not as a sale for the profit in the sale of the liquor as a beverage, but as a medicine only, to persons laboring under some disease, which, in the opinion of a competent physician, required for the cure of such disease the liquors thus sold by the defendant."

Other charges were given, but as exception was taken to the first, third, fourth, and fifth only, the others need not be specially noticed.

The defendant asked and the court refused the following instructions:

" 1st. If the jury believe from all the evidence in the case that all the sales made by the defendant were made strictly in the line of his profession as a druggist and physician, he will not be liable to the plaintiff in this action.

" 2d. That if the liquors of plaintiff which were on hand at the time of giving the bonds by the parties were by agreement of the parties at the time that the said liquors were to be sold and sent away from the town and township by plaintiff and defendant; and if from the evidence the jury believe that defendant did, as the agent of the citizens furnishing the money, make an arrangement with a wholesale licensed house to sell said liquors, and through said agency did sell and send off said liquors out of said town and township, this would not be a sale within the meaning of the contract between the parties."

The errors assigned, keeping in view the grounds upon which a new trial was asked, raise no other questions than those involved in the rulings upon the demurrers to the two paragraphs of the complaint, the giving of the instructions above set out as given, and in refusing those which were rejected, and in overruling the motion for a new trial on the ground that the verdict is not sustained by sufficient evidence, and in the rendering of judgment for the plaintiff.

It is objected to the complaint, first, that the bond sued on is void, being in restraint of trade, and therefore, against public policy. This point was decided against the position assumed by the appellant, in the case of *Harrison* v. *Lock-*

*hart,* 25 Ind. 112, and we are satisfied with the conclusions arrived at in that case.

It is further objected, secondly, that the two instruments executed between the parties are to be construed as one entire contract, and that the performance of each is a condition precedent to the right of requiring performance of the other ; and hence that the complaint is bad in not averring a performance by the plaintiff of the obligation entered into by him. This objection raises a question that is not free from difficulty. If the two instruments are mutual, in the sense that the performance of each is a condition precedent to the right of requiring performance of the other, the complaint is, doubtless, bad, for the reason indicated. But if the two instruments are to be construed as independent contracts, either party may, without performance on his own part, sue the other for a breach, but must respond to the other in damages for his own breach. It is sometimes a matter of some difficulty to determine whether contracts containing different stipulations to be performed by the respective parties should be construed as dependent or independent. Parsons says, 2 Pars. Con. 529: "It may indeed be safely said, that this question in each particular case will be determined by inferring, with as much certainty as the case permits, the meaning and purpose of the parties, from a rational interpretation of the whole contract." The same author observes, in the preceding page, that stipulations "may be wholly independent, although relating to the same subject, and made by the same parties, and included in the same instrument." Another writer says: "Whenever it appears to have been the intention of the parties that performance of one stipulation should not be a condition precedent to the performance of another, effect will be given to such intention; but, where the intention is to rely on a previous performance, and not on the remedy for non-performance, performance is a condition precedent." Addison Con. 926. The case of *Christie* v. *Borelly,* 7 C. B., N. s. 561, is remotely analogous to the present, where the stipulations

were held to be independent. The case of *Roberts* v. *Brett*, 18 C. B. 561, is one of some importance, where it was held that the stipulations were mutual and dependent. In the case of *Thomas* v. *Cadwallader*, Willes, 496, it was held, that in a covenant to repair by a lessee, the lessor allowing and assigning timber for the repairs, the assigning of the timber was a condition precedent to the obligation to repair, but the following observation was made by the Chief Justice in delivering the opinion of the court: "When two covenants in a deed have no relation to each other, I was clearly of opinion that the non-performance of one could not be pleaded in bar to an action brought for the breach of another covenant in the same deed; and for this plain reason, amongst others, that the damages sustained by the breach of one such covenant may not be at all adequate to the damages sustained by the breach of the other." Another elementary writer says: "Whether one promise be the consideration for another, or whether the performance, and not the mere promise, be the consideration," must be gathered from, and depends entirely upon, the words and nature of the agreement and the intention of the parties. "In the case of independent mutual contracts or promises, each party has his remedy on the promise in his favor, without performing his part of the contract." Chitty Con., 10 Am. ed. 807, 810.

We are of opinion that the obligations of these parties must be regarded as independent. The execution of each was an ample and valid consideration for the execution of the other; and it seems to us that it was the execution of the one instrument, and not the performance of the condition thereof, that furnished the consideration for the execution of the other. There was no relation whatever between the stipulations of the parties, though they both agreed to refrain from doing the same particular thing. The failure of the one to perform, in no manner prevented performance by the other, but subjected the party thus failing, to pay damages to the other for such failure. Each party relied, as we think,

upon his remedy against the other for a breach of his stipulations. Were these obligations to be held dependent, it would follow that a violation by one, even in one instance only, would put an end to the obligation resting upon the other; and if both parties broke their agreement in one instance only, they would both be fully absolved. This was evidently not contemplated by the parties. The objection which we have been considering is not, in our opinion, well taken. We may remark here, in passing, that no question is made in the cause as to the measure of damages upon the breach of the obligation of either of the parties.

It is objected that the complaint is too vague and uncertain, but there is no force in this objection. No error was committed in overruling the demurrers to the complaint.

We pass to the instructions. The first given informs the jury, in substance, that if the defendant had violated his agreement, the plaintiff was entitled to recover, so far as any defence is concerned that could be shown under the general denial, "no matter for what purpose or under what circumstances the defendant sold the liquor." We do not see in what respect this charge was wrong, nor do we think it had any tendency to mislead the jury. The court subsequently charged fully in respect to the special defences set up, and in some particulars quite as favorably to the defendant as the law would justify.

No objection is made to the second charge, but it is insisted that the third was erroneous. We have already had occasion to say that the execution of one of these obligations was an ample consideration for the execution of the other. Hence the charge given could have done the defendant no possible harm, if wrong as an abstract proposition. But we do not see as the charge is wrong in the abstract.

The fourth charge simply states the substance of the defence as set up in the fifth paragraph of the answer; and we do not understand, from the brief of counsel for appellant, that it does not state it as fully and favorably to the defendant as the pleading will warrant. It was drawn evi-

dently to be taken in connection with the fifth, which we will proceed to consider. This charge leaves it to the determination of the jury, as a question of fact, whether it was the intention of the parties, and understood between them at the time the bonds were executed, that the defendant might sell whiskey, etc., as a medicine, and informs them that if they should so find, and that if he had not sold for any other purpose, he was entitled to their verdict. The defendant cannot complain of the charge so far, as it was for his benefit that the literal terms of his contract were allowed to be controlled by evidence of the contemporaneous understanding and intention of the parties. We need not, and do not, decide whether, in view of the fact that the defendant was carrying on the business of a druggist, with the knowledge of the plaintiff, the contract should be so construed as to preclude the defendant from selling intoxicating liquors to be used exclusively as medicines properly prescribed. It is objected that the charge is erroneous in holding that the defendant could sell liquors as medicines only "to persons laboring under some disease which, in the opinion of a competent physician, required for the cure of such disease the liquors thus sold by the defendant."

Taking the charge altogether, we do not think the defendant has any just reason to complain of it. Why should a druggist sell intoxicating liquors as medicines to persons not laboring under any disease? Or why should he sell such liquors to diseased persons, unless they are required for the cure of the disease? And, again, who but a competent physician should determine whether they are proper remedies for the disease?

The case made showed that the defendant was a physician, and, for aught that appears, he was a competent one. He therefore could have determined in any given case, as well as other physicians, whether intoxicating liquors, either mixed or "straight," were appropriate remedies for the given disease. In the absence of the restrictions indicated in the charge, considering the expedients sometimes adopted for

the purpose of procuring such remedies by persons having a predilection for them, the defendant might have carried on an extensive traffic in liquors as medicines, but to be really used as beverages, without violating his bond.

With regard to the charges asked and refused, it may be observed that the first was substantially covered by the charge given by the court; there was no error committed, therefore, in refusing it.    The second was correctly refused, for the reason, if for no other, that it undertook to control the written contract by a contemporaneous parol agreement inconsistent with the terms of the writing.

The evidence was amply sufficient to sustain the verdict.

There was no replication filed to the answer.    But it has been held in numerous cases that an affirmative answer, where the cause has been tried without a replication, will be deemed to have been controverted on the trial in the same manner as if a replication in denial had been filed.

There is no' error in the record, and the judgment must be affirmed.

The judgment below is affirmed, with costs.

*J. Green* and *D. Waugh,* for appellant.

*W. H. Clark, N. R. Overman, N. W. Parker,* and *J. T. Cox,* for appellee.