## BENOIT, ADM'R, ET AL. *v.* SCHNEIDER, ADM'R.

CONTRACT.—*Contradicting Written Contract by Parol.*—*Set-Off.*—To an action for foreclosure and judgment by an administrator, on a mortgage and note executed to his intestate, the defendant answered, that he was a bishop of the Roman Catholic Church, and according to the canons of said church the real ·estate of each congregation of his diocese was deeded to him to hold in trust for such congregation; the mortgage was on real estate purchased by one of his congregations, and it and the note were given by him for money lent by the intestate to such congregation, with the agreement and understanding between the mortgagee and the defendant that said congregation, and not the defendant, was to repay said loan. The answer further alleged, that the plaintiff's intestate, before and at and after the execution of the note and mortgage, was the priest of said congregation, and that as such he collected from the members thereof one thousand three hundred dollars to pay the debts of the congregation, including the debt sued on, and for other purposes, no part of which he had paid to the congregation, or to the defendant as its trustee; which sum the defendant offered to set off against the plaintiff's demand.

*Held,* that the verbal understanding between the mortgagee and the defendant could not be set up against the written contract; and that as a set-off the answer was defective for failing to state how much of the one thousand three hundred dollars was applicable to the debt in suit, or how much of it was required for the other debts and " other purposes."

PRACTICE.—*Waiver of Reply.*—Where a defendant proceeds to trial without a reply to his answer, and without any objection on that account, the reply is deemed to be waived, and the answer is regarded as controverted without a reply.

From the Cass Common Pleas.

*N. O. Ross, Rufus Magee,* and *J. B. Black,* for appellants.

*W. Z. Stuart, S. T. McConnell,* and *M. Winfield,* for appellee.

DOWNEY, J.—When this case was here before (39 Ind. 591), the appeal was dismissed for want of proper parties. The heirs at law of Bishop Luers, and also his successor in the office of bishop, are now made parties.

As will be seen by reference to the report of the case when ·here before, the action was to foreclose a mortgage executed by Bishop Luers to the appellee's intestate, Bernard Joseph Force. The defendant answered:

1. A general denial.

2. Payment.

3. Set-off, setting out the facts particularly.

4. Set-off in a more general form.

A demurrer to the third paragraph, alleging that it did not state facts sufficient to constitute a defence to the action, filed by the plaintiff, was sustained. There was a trial by the court and a finding for the plaintiff, and, a new trial having been moved for by the defendant and refused, there was final judgment for the plaintiff.

The errors properly assigned are, first, the sustaining of the demurrer to the third paragraph of the answer; second, trying the cause without a reply to the fourth paragraph of the answer; and, third, overruling the defendant's motion for a new trial.

It is alleged, in the third paragraph of the answer, that on the 1st day of October, 1867, and for a long time prior thereto, there was and yet is an unincorporated congregation of persons, associated together by the name of the " Catholic Church of St. Vincent de Paul," in the city of Logansport, State of Indiana, for the purpose of maintaining and propagating the Christian religion, according to the tenets, the ordinances, and canons of the Roman Catholic Church; that under the canons of said church, the property of each congregation is vested in, and the title held by, the bishop of the diocese to which each congregation belongs; that the congregation of the Catholic Church of St. Vincent de Paul belongs to the diocese of which the defendant, John Henry Luers, is bishop; that the real estate set out in the mortgage mentioned in the complaint of the plaintiff is the property of the said Catholic Church of St. Vincent de Paul, purchased with the means above contributed by said congregation for that purpose, and the title of which was taken in the name of this defendant, who held the same in trust for said congregation; that the money for which said note was given was money loaned by said Bernard Joseph Force, in his lifetime, to said congregation, to assist in the purchase of the said lots described in the mortgage set out in the complaint of plaintiff, and upon which has since been erected their

·church and other buildings belonging to said congregation; and as the title of said real estate was in the name of this defendant, the note and mortgage were given by him, said Luers, as the trustee of said congregation, with the agreement and understanding between said congregation, said Force, and said Luers, that said congregation was to pay said Force said sum of money, with all the interest thereon, and not said Luers; of all of which facts said Force, at the time of lending said money and the execution of said note and mortgage, had full notice, and to all of which he agreed and consented. And the defendant further saith, that at the time of making said note and mortgage, and for five years prior thereto, and from that time until the day of his death, to wit, on the 10th day of June, 1868, he was the priest, and as such priest collected a large sum of money, to wit, the sum of thirteen hundred dollars, of and from the members of said congregation, for the purpose of paying the debts of said congregation, including the debt sued on, and other purposes, which sum he had in his hands at the time of his death, and which has never been paid over or accounted for to said congregation, nor to this defendant as such trustee, and that this defendant as trustee of such congregation is entitled to the same; which sum he offers to set off against the amount due upon said note and mortgage, and asks judgment in the sum of four hundred dollars, the residue thereof.

So much of this answer as sets up a contemporaneous parol agreement, different from the terms of the note and mortgage, is clearly inadmissible. We cannot see, however, why, if Bernard Joseph Force received money from the congregation, which by agreement was to be a payment upon the note and mortgage, it might not be good as a defence to the action to that extent. The paragraph fails to show, however, what part of the money paid was to be applied to the note in this case. It alleges that Force collected from the congregation thirteen hundred dollars for the purpose of paying the debts of the congregation, including the debt

sued on, and other purposes, which sum he had in his hands at the time of his death. What part of that amount was applicable to this debt is not alleged, nor is the amount of the other debts stated, or the amount named which was to go to the " other purposes." The answer is too indefinite to justify us in holding it good as a bar to the action.

The second alleged error is not material. It has often been held by this court, that when parties proceed to trial without a reply to an answer, and without any objection on that account, the reply is waived, and the answer regarded as having been controverted without a reply. *McAlister* v. *Howell,* 42 Ind. 15; *Ferguson* v. *Wagner,* 41 Ind. 450; *Fetrow* v. *Wiseman,* 40 Ind. 148; *Pattison* v. *Vaughan,* 40 Ind. 253. The same has been held with reference to a failure to answer a paragraph of the complaint. *Taylor* v. *Short,* 40 Ind. 506. Many other cases could be cited, but it is unnecessary.

We do not see that any of the reasons for a new trial were well founded. The first and second relate to the sufficiency of the evidence, which is not in the record. The third is the trying of the cause without a reply to the fourth paragraph of the answer, of which we have already spoken, and the fourth has reference to the sustaining of the demurrer to the third paragraph of the answer, which, if the ruling was erroneous, was no ground for a new trial. *Reeves* v. *Plough,* 41 Ind. 204; *The Columbus, etc., R. W. Co.* v. *Powell,* 40 Ind. 37. There are many more cases to this effect, but they need not be cited.

The judgment is affirmed, with three per cent. damages and costs.