Waugh v. Waugh.

———————•———————

## WAUGH v. WAUGH.

PLEADING.—*Practice.*—*Waiver of Reply.*—Assuming, but not deciding, that in an action for slander, an answer in mitigation of damages needs a reply, if the defendant goes to trial without a reply, he will be deemed to have waived it, and the answer will be deemed to have been controverted as if a reply had been filed.

SAME.—*Motion in Arrest.*—If a complaint contains one good paragraph, judgment on a general verdict for the plaintiff can not be arrested because there are other paragraphs which are defective, nor can the insufficiency of the bad paragraphs be assigned as error.

SLANDER.—*Actionable Words.*—The following words were spoken to a married woman in the presence of a third person: " Liz " (meaning the plaintiff), "you have taken men into your bedroom, when your husband was lying sick and helpless in his bed, and you would stay with them for hours; I can prove it by twenty-five witnesses, if necessary;" and, in the same conversation, addressing the third person, the following words were spoken by the same speaker : " She even tried to sleep with a preacher, who came to my house to stay all night;" and, on being asked by the plaintiff by whom he could prove that, the same speaker said, " By my old woman, who watched you all night to keep you from getting into the bed with the preacher;" and further, in the same conversation, to the third person, the same speaker said, " Why she even attempted to get into bed with Tom ——."

*Held,* that, taken as a whole, the inference might be fairly drawn, that it was intended to charge her with adultery with the men taken into her bedroom, and the words spoken were actionable.

SAME.—*Question of Fact.*—If words spoken, alleged to be slanderous, are capable of two constructions, one of which would be innocent, it is for the jury to determine whether they were used in an innocent sense or otherwise.

From the Allen Circuit Court.

*L. M. Ninde* and *R. S. Taylor*, for appellant.

*W. H. Coombs*, *W. H. H. Miller*, and *R. C. Bell*, for appellee.

WORDEN, J.—This was an action by the appellee against the appellant for slander. The complaint contained four paragraphs, but a demurrer was sustained to the first and second, and no question arises upon them here. Demurrers were also filed to the third and fourth, for the want of sufficient facts, but were overruled, and no exception was taken. The defendant answered the third and fourth paragraphs: 1. By general denial. 2. Justification. 3. Mitigation. The plaintiff replied to the second paragraph of the answer by general denial. Trial by jury, verdict and judgment for the plaintiff for nine hundred dollars.

There was a motion for a new trial, but it was overruled, and no question is made upon it here, no bill of exceptions having been filed. A motion in arrest of judgment was made and overruled, and it is assigned for error that the complaint does not state facts sufficient to constitute a cause of action. It is also assigned for error that the court erred in rendering judgment for the plaintiff for more than nominal damages. This last assignment of error is based upon the theory that as the answer in mitigation of damages was not replied to, it must have been taken as true, and therefore the plaintiff was entitled to but nominal damages. Assuming, without deciding, that the answer in mitigation needed a reply, still, as the defendant went to trial without any reply, he must be deemed to have waived it, and the answer will be deemed to have been controverted on the trial as if a reply had been filed. This point has often been decided by this court. See *McAlister* v. *Howell*, 42 Ind. 15 ; *Ferguson* v. *Wagner*, 41 Ind. 450.

This leaves for our consideration only the question raised by the motion in arrest, and the assignment that the complaint does not state facts sufficient. But, as preliminary to this question, it may be observed that if there be one good

paragraph of the complaint, it is sufficient to support the judgment.

In *Clarkson* v. *M'Carty*, 5 Blackf. 574, it was held that a judgment will not be arrested, after a general verdict for the plaintiff, where the declaration contained several counts, some of which were good and some bad. This is clearly the case under our present statute. We have seen that demurrers were filed to the third and fourth paragraphs of the complaint for the want of sufficient facts, but were overruled, without exception. This leaves the case as if no demurrer had been filed. Had no demurrer been filed, the defendant could have moved in arrest, or assigned as error that the complaint did not state facts sufficient to constitute a cause of action. This is because a failure to demur is not a waiver of such defect. By the statute, 2 G. & H. 81, sec. 54, all objections to the complaint, for which a demurrer will lie, are waived by failing to demur, "except only the objection to the jurisdiction of the court over the subject of the action, and except the objection that the complaint does not state facts sufficient to constitute a cause of action."

Where there is one good paragraph of the complaint, sufficient in all respects to support a judgment on the verdict, the judgment can not be arrested because there are other paragraphs which are defective; nor can the insufficiency of the bad paragraphs be assigned for error. If the "complaint," as a whole, states facts sufficient to constitute a cause of action and supports the judgment, it can in no sense be said that it does not state such facts, though some paragraphs thereof may not.

This brings us to the consideration of the complaint, but one paragraph of which we shall examine, as that, in our opinion, states facts sufficient. The third paragraph, the first that was held good below, alleges, in substance, that on October 1st, 1870, the plaintiff was the wife of William F. Waugh, but was living separate and apart from him; that on that day, at, etc., in a conversation which the defendant then and there had with the plaintiff and one Akin, of and concerning

the plaintiff, and of her character for chastity, the defendant uttered and published the following false and defamatory words, viz.: "Liz" (meaning the plaintiff), (we omit the further innuendoes, as being unnecessary here) "you have taken men into your bedroom, when your husband was lying sick and helpless in his bed, and you would stay with them for hours." To which the plaintiff responded by asking the defendant, "Can you prove that?" To which the defendant answered by saying, "I can prove it by twenty-five witnesses, if necessary." And then and there, in and as a part of the same conversation, the defendant, addressing the said Akin, in the presence of the plaintiff and speaking of her, said: "She even tried to sleep with a preacher, who came to my house to stay all night." And the plaintiff then and there inquired of the defendant, "By whom can you prove that?" To which the defendant answered, "By my old woman, who watched you all night to keep you from getting into the bed with the preacher." And the defendant then and there, again addressing the said Akin, said: "Why, she even attempted to get into bed with Tom Davidson."

It is alleged that the defendant, by speaking the words, meant and intended to charge that the plaintiff was an unchaste woman, and had been guilty of adultery, and that he was so understood by said Akin.

It is claimed by the appellant that the words laid are not actionable, because they do not charge the appellee with adultery, but with a disposition or inclination only to commit that offence. To falsely charge a woman with incest, fornication, adultery, or whoredom, is made actionable by statute. 2 G. & H. 333, sec. 788.

The words imputing to the plaintiff an effort to sleep with the preacher, and to get into bed with Tom Davidson, do not imply that she had committed adultery with either of those persons. On the contrary, they imply, in the one case, that she was foiled in her designs upon the preacher by the unwearied vigilance of the defendant's "old woman," who watched all night to intercept her and thwart her purpose.

As for Tom Davidson, it does not appear how he escaped. Perhaps it may be supposed that Tom, like Joseph, when his continence was challenged by lascivious Mistress Potiphar, "left his garment in her hand, and fled, and got him out." But the charge that the plaintiff, while her husband was lying sick and helpless in his bed, had taken men into her bedroom and stayed with them for hours, taken in connection with the other charges made in the same conversation, we think, is clearly open to the implication that she committed adultery with them. It is not necessary that adultery should be charged in terms. It is sufficient if the inference that adultery was committed may be fairly drawn from the matters which are charged. *Proctor* v. *Owens*, 18 Ind. 21.

The charges that the plaintiff tried to sleep with the preacher, and to get into bed with Tom Davidson, give point and significance to the charge of admitting the men to her bedroom and staying with them for hours. If the plaintiff tried to sleep with the preacher, and to get into bed with Tom Davidson, though thwarted in these purposes, is not the inference irresistible that she committed adultery with the men in her bedroom, when there was nothing to prevent it? Those men can not be supposed to have been disinclined to her, else why should they have betaken themselves to her private apartment, her bedchamber, and remained there so long? It is not to be supposed that they went to the banquet without an appetite for the feast. Then, her husband was lying sick and helpless in his bed, and there was no wakeful and watchful "old woman" present, to keep vigil upon her. If the charges made were true, and adultery was not committed, then human nature is inconstant, and inductive reasoning utterly fallacious.

We express no opinion as to whether either of the charges, standing alone, would or would not have been actionable. A person hearing these charges made, if he believed them, could scarcely resist the conclusion that the plaintiff committed adultery with the men with whom she stayed in her bedroom for such a length of time.

The appellant argues that the charge itself excludes the idea that adultery was committed. He asks, "where was the husband during these interviews?" and suggests that it is the universal custom, and the legal presumption, that the husband and wife occupy the same room and the same bed. It is scarcely to be presumed that the plaintiff committed adultery in the same room where her husband was lying sick. But we are not advised that it is the universal custom for husband and wife to occupy the same room and the same bed, and especially where one of them is lying sick and helpless. Nor are we advised that there is any presumption of law on the subject. The charge rather implies that the rooms and beds of the husband and wife were different rooms and different beds. The language, "you have taken men into *your* bedroom," indicates a bedroom occupied by the plaintiff, and not one occupied by her and her husband conjointly. And this was while the "husband was lying sick and helpless in *his* bed." This would seem to indicate a bed occupied by the husband alone, and not by the husband and wife jointly.

Again, it is urged that the words charged imply that the men admitted to the plaintiff's bedroom were all admitted at once, and that it is not to be conceived that adultery was committed in the presence of all of them. There is nothing in the words, however, that is at all inconsistent with the idea that the men were admitted singly and at different times.

It seems to us, as before observed, that the words charging the plaintiff with having thus admitted men to her bedroom, connected as they are with the other charges made in the same conversation, imputing to her an attempt to sleep with another, and to get into bed with still another, imply that she had committed adultery with those in her room, and are therefore actionable. But, if in this we are mistaken, and if the words are capable of two constructions, one of which would be innocent, still it was a matter of fact to be determined by the jury, whether they were used in an innocent sense or otherwise. *Buckenstaff* v. *Perrin*, 27 Ind.

527. ⸱ Here the averment is ample that the words were used in an actionable sense, and were intended to charge the plaintiff with adultery.

There is no error in the record, and the judgment below must be affirmed.

The judgment below is affirmed, with costs.