## KELSEY v. HENRY.

CONTRACT.—*Statute of Frauds.*—An agreement between A. and B. that if B. would assist A. in getting a lot of hogs to market, he should have as his compensation a certain share of the profits realized, was not within the statute of frauds.

ARREST OF JUDGMENT.—If a complaint contains one good paragraph, a motion in arrest will not lie.

COMPLAINT.—*Judgment on.*—If one of two paragraphs of a complaint is clearly good and sustains the finding and judgment, the judgment will not be reversed because the other paragraph may be insufficient.

From the Montgomery Circuit Court.

*M. D. White, P. S. Kennedy,* and *W. T. Brush,* for appellant.

PETTIT, J.—This suit was brought by the appellee against the appellant. The complaint was in two paragraphs.

The substance of the first is, that the plaintiff and defendant were partners for the purchase and sale of a large lot of hogs; that the defendant improperly and fraudulently purchased the hogs in his own name, and sold them for a large profit, and refuses to divide the profits with the plaintiff.

The second paragraph sets up the same matters, and alleges that the defendant agreed that if the plaintiff would help to get the hogs to market he should have a one-third interest; that he did so help to get the hogs to market; that they were sold for a large profit by the defendant, and that he refuses to pay to the plaintiff any part of the profits.

The question of the sufficiency of the complaint is raised, and it is said the complaint is bad because it does not show that a partnership was formed, but that there was only an offer of a partnership. In this the counsel are mistaken. The first paragraph has these words and allegation: "The plaintiff and defendant entered into a contract of partnership for the purchase and sale of three hundred and one hogs." In the second paragraph, the plaintiff says, "he entered into a contract of partnership with defendant for the purchase and sale of three hundred and one hogs."

It is objected that the contract set up in the second paragraph of the complaint is void under the statute of frauds. We do not think so. We do not understand that it sets up a contract for the sale of the hogs, but a contract that if the plaintiff would help to get them to market, he should have, as and for· his reward or pay for his services, one-third of the profits made on the hogs. But, if we are mistaken in this, the appellant was not injured, for the first paragraph was clearly good, and warranted the finding and judgment in the case.

There was no demurrer to either paragraph of the complaint. There was a motion made in arrest of judgment, but for what cause or reason is not stated; but we think it was for the insufficiency of the complaint, and it is assigned for error that the complaint is insufficient.

If either paragraph of the complaint was good, the motion in arrest and the assignment of error that the complaint was insufficient ought not to prevail.

The only other question presented is the sufficiency of the evidence to sustain the verdict. We have read and considered it, and though it may be and is to some extent conflicting, we think it reasonably and fully sustains the verdict.

The judgment is affirmed, at the costs of the appellant, with ten per cent. damages.

Petition for a rehearing overruled.