Spahr *et al. v.* Nicklaus.

---

### SPAHR ET AL. *v.* NICKLAUS.

PLEADING. — *Complaint to Recover Rent.* — A complaint alleged that the defendant was indebted to the plaintiff, in a certain sum mentioned, for rent of certain premises described, and that it was due and unpaid, and prayed judgment for said sum and possession of the premises, and costs, and all proper relief.

*Held,* that this showed a good cause of action for the recovery of rent, and that there was no misjoinder of causes of action.

SAME.—*Misjoinder.—Supreme Court.*—The Supreme Court will not reverse a judgment for misjoinder of causes of action.

SAME.—*Joinder of Causes.*—A paragraph of complaint for the recovery of the possession of real property and damages for its detention may be joined with a paragraph for the recovery of rent due to the plaintiff from the defendant for use and occupation of such real estate by the defendant as the tenant of the plaintiff.

PRACTICE.—*Arrest of Judgment.—Demurrer.*—A motion in arrest of judgment does not reach all the defects in a complaint that might have been reached by demurrer ; and if the complaint contain one good paragraph, a motion by the defendant in arrest of judgment on the whole complaint and on each paragraph thereof will be overruled.

From the Marion Civil Circuit Court.

*J. E. Heller,* for appellants.

*P. W. Bartholomew,* for appellee.

PETTIT, C. J.—This suit was brought by the appellee, John Nicklaus, against the appellants, George W. Spahr and Hezekiah Daily, before a justice of the peace, and the following is the complaint:

"The plaintiff complains of the defendants, and says he is the owner of, and entitled to the possession of, the following real property, to wit: room number four, Hereth's Block, Indianapolis, Indiana, situate on thirty-three and one-third feet off of the north end of in-lot number twelve, in square number fifty-seven, in the city of Indianapolis, Marion county, Indiana; that defendants are tenants of plaintiff by the year; that defendants' time expired on the 15th day of June, 1873; that three months previous to said June 15th, 1873, plaintiff gave defendants due notice that on June 15th, 1873, plaintiff would terminate the defendants' lease of said premises, which notice is filed herewith and made a part hereof. Wherefore plaintiff demands judgment for possession of said premises and one hundred dollars damages for the detention thereof.

"Par. 2. And for further complaint, says the defendants are indebted to him in the sum of eight dollars for rent of the following premises, to wit: room number four, Hereth's Block, Indianapolis, Indiana, situate on thirty-three and one-third feet off of the north end of in-lot number twelve, in square number fifty-seven, in the city of Indianapolis, Marion county, Indiana; and that the same is due and unpaid. Wherefore plaintiff prays judgment for eight dollars, and possession of said premises and real estate, and costs and all proper relief."

No answer or demurrer was filed before the justice, but there was trial and judgment for the plaintiff for the possession, and for eight dollars damages for the detention, and for costs.

On appeal in the circuit court, the defendants demurred to the second paragraph of the complaint, first, because it does not state facts sufficient to constitute a cause of action; second,

because there is a misjoinder of causes of action contained in it.

This demurrer was properly overruled, for this paragraph of the complaint shows a good cause of action for the recovery of rent, if not for the possession. There was no misjoinder of causes of action in it; but if there had been, we could not reverse the judgment. 2 G. & H. 81, sec. 52.

The defendants then demurred to the whole complaint; first, because there are two causes of action improperly joined in it. This demurrer was properly overruled, because two causes of action were not improperly joined in the complaint. The first paragraph of the complaint was for the recovery of possession of real property and damages for its detention, and the second was for the recovery of damages for the detention, or for rents due to the plaintiff from the defendants for its use and occupation as his tenants. The second paragraph may have been unnecessary, and, perhaps, might have been stricken out as such on motion. But if two causes of action were improperly joined, we cannot, on the statute above cited, reverse the judgment for that cause.

The case, by agreement, was tried by the court, who found for the plaintiff, that he was the owner and entitled to possession, and assessed his damages at eight dollars.

The defendants then moved in arrest of judgment on the whole complaint, and on each paragraph of it, which motion was overruled, and we think properly, one of the paragraphs, if not both, being good. *Kelsey* v. *Henry,* 48 Ind. 37.

A motion in arrest does not reach all the defects in a complaint that might be reached and made available by a demurrer. *Gander* v. *The State,* 50 Ind. 539, and authorities cited.

We have carefully considered the questions in this case, and we think substantial right and justice have been done, and we cannot, therefore, reverse the judgment. 2 G. & H. 122, sec. 101.

The judgment is affirmed, at the costs of the appellants.

Opinion filed May term, 1875; petition for a rehearing overruled November term, 1875.