## CARPER ET AL. *v.* KITT, ADM'R.

### No. 7190.

PROMISSORY NOTE.—*Copy.*—*Complaint.*—Where, in an action upon a promissory note, a copy of a note similar to the one described in the complaint is filed therewith and referred to therein as "a copy of which is filed herewith," the complaint sufficiently identifies such copy.

SUPREME COURT.—*Brief — Waiver.*—Errors assigned upon the record, but not complained of by counsel in his brief, will be regarded as waived in the Supreme Court.

From the Kosciusko Circuit Court.

*W. S. Marshall,* for appellants.

*J. S. Frazer* and *W. D. Frazer,* for appellee.

HOWK, J.—This was a suit by the appellee, against the appellants, upon a promissory note, of which the following is a copy:

"NOBLESVILLE, Noble Co., Ind.

" Two years after date, we or either of us promise to

Carper *et al. v.* Kitt, Adm'r.

pay to the order of F. Bitting four hundred dollars, with use at ten per cent. annually, without any relief from valuation or appraisement laws.   September 26th, 1872.

(Signed,)                    " GEORGE CARPER.
                             " HENRY CARPER.

" Witness present : George W. Carper."

It was alleged in appellee's complaint, that the payee of the note, Frederick Bitting, had died intestate on the 15th day of September, 1873, at Noble county, Indiana; that the appellee had been duly appointed and qualified as the administrator of said decedent's estate ; and that, with the exception of certain specified credits, the note and interest were due and wholly unpaid.   Wherefore, etc.

The appellants jointly answered in two paragraphs, in substance as follows :

1.   A general denial, without oath ; and,

2.   Payment in full of the note, to said Frederick Bitting, at and before his death.

To the second paragraph of the answer, the appellee replied by a general denial.

The issues joined were tried by the court, resulting in a finding and judgment in favor of the appellee and against the appellants, for the amount due on the note, and the costs of suit.

No motion was made for a new trial, and no exception was saved in the record.

In this court the appellants have assigned the following supposed errors :

1.   The appellee's complaint does not state facts sufficient to constitute a cause of action ;

2.   The court erred in rendering judgment for the appellee ; and,

3.   The finding and judgment of the court were excessive.

1. The appellants' counsel objects in argument to the sufficiency of the appellee's complaint, in this action, upon the sole ground, as we understand him, that the copy of a note, immediately following the complaint in the record before us, is not sufficiently identified as the copy of the note sued on in such complaint. It was alleged in the complaint, " that said defendants, on the 26th day of September, 1872, by their note, a copy of which is filed herewith, promised to pay Frederick Bitting four hundred dollars," etc. Then followed the copy of a note, of the same date and amount as the note described in the preceding complaint, purporting to be signed by " said defendants," and to be payable to said Bitting. Counsel says that " the simple filing of a copy can not be sufficient;" that the copy should be marked as " Exhibit A " or " B," and should be referred to, in the complaint, as such exhibit, " herewith filed and made a part hereof." Such a formality is not required by the code, and has never been required by the decisions of this court. Indeed, in the case of *Reed* v. *Broadbelt*, 68 Ind. 91, the precise point was made, that is now made in the case at bar. In the case cited, NIBLACK, J., speaking for the court, said: " When, as in this case, reference is made to the copy of the note sued on as ' filed herewith,' or in equivalent words, and a copy of a note similar to the one described in the complaint is actually filed with the complaint, the copy of the note thus filed is sufficiently identified, and in that respect the complaint is sufficient. *Mercer* v. *Hebert*, 41 Ind. 459." See, also, the case of *Friddle* v. *Crane*, 68 Ind. 583.

In the case now before the court, we are clearly of the opinion that the appellee's complaint sufficiently identified the copy of the note therewith filed, and otherwise stated a good cause of action.

The other supposed errors, assigned upon the record, are not complained of and relied upon, by the appellants'

counsel, in his brief of this cause. Under the settled practice of this court, these alleged errors must be regarded as, at least, impliedly waived; and, therefore, they need not and will not be considered.

The judgment is affirmed, at the appellants' costs, with ten per centum damages.