Wagner v. Wagner.

No. 7767.

WAGNER v. WAGNER.

PRACTICE.—*Assignment of Error.—Supreme Court.—Complaint.*—Under section 54 of the code, the sufficiency of the complaint, as an entirety, may be called in question for the first time in the Supreme Court by a proper assignment of error; but an assignment that either or any paragraph of complaint does not state facts sufficient to constitute a cause of action is insufficient.

From the Ripley Circuit Court.

*G. Durbin*, for appellant.

*A. Stockinger*, for appellee.

HOWK, J.—In this action the appellee sued the appellant in a complaint of seven paragraphs, each of which paragraphs counted upon a promissory note, executed by the ap-

pellant to the appellee, all of which notes bore the same date and were past due. The appellee alleged, in substance, in each paragraph of his complaint, that the note sued on therein was given to him by the appellant for a part of the purchase-money of lot number seventy-nine, in the town of Osgood, in Ripley county, and that it was due and unpaid; and, in each paragraph, he demanded judgment for a certain sum of money, and "that the same be declared a lien on said lot."

The cause, having been put at issue, was tried by the court, and a finding was made for the appellee for the full amount due on the notes in suit; and judgment was rendered accordingly.

In this court, the appellant has assigned the following supposed errors:

1. That neither paragraph of the appellee's complaint stated facts sufficient to constitute a cause of action; and,

2. That the court erred in sustaining appellee's demurrer to the third paragraph of the appellant's answer.

The first of these two errors is not well assigned. Each paragraph of the complaint stated facts sufficient to constitute a good cause of action. But the assignment of error is not authorized by the code, and does not present, for decision, the sufficiency of either paragraph of the complaint. In section 54 of the code it is provided, in substance, that the defendant shall not be deemed to have waived "the objection that the complaint does not state facts sufficient to constitute a cause of action," by his failure to demur to the complaint on that ground; and, under that section, the sufficiency of the complaint, as an entirety, may be called in question for the first time, in this court, by a proper assignment of error. This is an exception, however, to the general doctrine of waiver declared in said section 54, and it has never been extended, by construction, beyond the strict letter of the statute. It can not be assigned as error, there-

fore, that either or any paragraph of the complaint does not state facts sufficient to constitute a cause of action, but the assignment of error must conform to the exact language of the statute. *Caress* v. *Foster*, 62 Ind. 145; *Smith* v. *Freeman*, 71 Ind. 85; *The Pittsburgh, etc., R. W. Co.* v. *Hunt*, 71 Ind. 229.

2. In his brief of this cause in this court, the appellant's counsel says of the third paragraph of answer: "An insufficient answer is a sufficient answer to an insufficient complaint." This is the entire argument of counsel, under the second alleged error, and it seems to us to amount to a virtual admission by the appellant, that the third paragraph of his answer was not sufficient. We are of the opinion that this third paragraph was clearly insufficient, and that the appellee's complaint was sufficient. The argument of counsel, above quoted, is not applicable, therefore, to the case made by the record.

The judgment is affirmed, at the appellant's costs.