Lentz v. Martin *et al.*

No. 7821.

## LENTZ *v.* MARTIN ET AL.

PRACTICE. —*Pleading not Subscribed.*—*Demurrer.*—*Form.*—*Substance.*—*Motion to Reject or Strike Out.*—Every pleading, in a court of record, must be subscribed by the party or his attorney; but an objection to a pleading, that it is not thus subscribed, can not be reached by a demurrer for the want of sufficient facts. Such an objection goes to the form, and not the substance, and can be reached only by a motion to reject or strike out the pleading.

SAME.—*Blanks in Pleading.*—*Motion to Make More Certain and Specific.*—An objection to a pleading, on account of blanks, can not be reached by demurrer, but by a motion for an order requiring the party to make his pleading more certain and specific.

SAME.—*Written Instrument Part of Pleading.*—The statement in a pleading founded upon a written instrument, "a copy of which is filed herewith," is sufficient to make the copy following the pleading a part thereof.

SAME.—*Variance.*—*Copy Controls.*—In such a case, if there is a variance between the description of the instrument and the copy therewith filed, the copy controls, and will be presumed to be right until the contrary appears.

SAME.—*Deed.*—*Bond.*—*Dates of Two Instruments.*—*When Execution Presumed.*—*Date of Acknowledgment.*—Where a deed was dated July

Lentz v. Martin *et al.*

20th, 1861, and a bond for reconveyance was dated July 30th, 1861, and both were acknowledged July 31st, 1861, it may fairly be assumed that the final execution of the two instruments by delivery were concurrent acts, and both consummated on the day of the date of the acknowledgments thereof.

SAME.—*Venire de Novo.*—*Verdict.*—*Plaintiffs or Defendants.*—*Cross Complaint.*—*Original Complaint.*—A party plaintiff is not entitled to a *venire de novo* because the general verdict is: "We, the jury, find for the defendants on the plaintiff's complaint, and for the defendants on the cross complaint." Technically, defendants filing a cross complaint, are plaintiffs therein; but there is no impropriety in designating them as defendants, to distinguish them from the plaintiffs in the original complaint.

SAME.—*Evidence.*—*Title Bond Acknowledged and Recorded.*—A title bond duly acknowledged before the recorder, and recorded, was properly admitted to record, and the record of the bond was competent evidence to prove its contents.

MORTGAGE.—*Deed and Title Bond.*—A deed and a title bond' for reconveyance may constitute, in legal effect, a mortgage.

SAME.—*Payment.*—*Weight of Evidence.*—*Supreme Court.*—A verdict, finding that a deed was in legal effect a mortgage, and that the mortgage debt has been fully paid, will not be disturbed by the Supreme Court on the mere weight of evidence not entirely clear and satisfactory.

From the Monroe Circuit Court.

*J. F. Pittman, J. H. Louden* and *R. W. Miers,* for appellant.

*P. C. Dunning, J. W. Buskirk* and *H. C. Duncan,* for appellees.

HOWK, C. J.—This action was commenced by the appellant against the appellees, as the widow and heirs at law of John Martin, deceased, on the 3d day of August, 1878. The object of the action was to quiet the appellant's title to certain real estate, particularly described, in Monroe county, which he claimed to be owner of, under a deed executed to him by the said John Martin and the appellee Margaret Martin, the wife of said John, in his lifetime, and to enjoin the appellees from cutting or removing any timber from said real estate. To the appellant's complaint the appellees an-

swered in two paragraphs, and also filed a cross complaint or counter-claim. The appellant's demurrers, for the want of facts, to the second paragraph of appellees' answer and his cross complaint, were severally overruled by the court, and his exceptions saved to these rulings. The cause, having been put at issue, was tried by a jury, and a general verdict was returned for the appellees, both as to the complaint and cross complaint; and the appellant's motions for a *venire de novo* and for a new trial, having each been overruled, and his exceptions saved to each of these decisions, the court rendered judgment in accordance with the verdict.

In this court, the appellant has assigned as errors the following decisions of the circuit court:

1. In overruling his demurrer to the second paragraph of answer;

2. In overruling his demurrer to the cross complaint;

3. In overruling his motion for a *venire de novo;* and,

4. In overruling his motion for a new trial.

We will consider and decide the several questions arising under these alleged errors, in the same order in which the appellant's counsel have presented and discussed them, in their well considered brief of this cause:

1. In the second paragraph of their answer, the appellees admitted the execution of the deed set out and described in the appellant's complaint, by the said John Martin, in his lifetime, and the appellee Margaret Martin, his wife; but they averred, that the said deed was intended to be and was a mortgage to secure the sum of $———, theretofore loaned by the appellant to said John Martin; that at the time of the execution of said deed, and as a part of the transaction and agreement of the parties, the appellant executed to said John and Margaret Martin a bond, reciting the making of said deed and obligating the appellant to reconvey the said real estate to said John and Margaret on the repayment to him of said sum.

The appellant's counsel first object to the sufficiency of this paragraph of answer, upon the ground that it was not signed by the appellees, or by their attorneys. Section 73 of the code of 1852, and section 109 of the civil code of 1881, alike require that "Every pleading in a court of record must be subscribed by the party, or his attorney." But, if it were true that the second paragraph of answer was not subscribed by the appellees or their attorneys, this objection thereto could not have been reached by the appellant's demurrer for the want of sufficient facts. The objection goes to the form and not the substance of the paragraph, and it could have been reached only by a motion to reject or strike out the pleading. *Fankboner* v. *Fankboner*, 20 Ind. 62 ; *Lowry* v. *Dutton*, 28 Ind. 473 ; and *Hewett* v. *Jenkins*, 60 Ind. 110.

Appellant's counsel also object to the sufficiency of the second paragraph of answer, on account of the blank therein as to the amount of the alleged mortgage debt. This objection, also, like the one just considered, could not be and was not reached by the appellant's demurrer to the paragraph for the want of sufficient facts. If the appellant wished to have the blanks filled in the paragraph, he should have moved the court for an order requiring the appellees to make the pleading more certain and specific, in regard to such blanks therein.

Counsel further claim that the paragraph was bad, on the demurrer thereto, because a copy of the bond mentioned therein was not made a part of the paragraph, in the mode prescribed by law. This point is not well taken. It was stated in the paragraph of such bond, that "a copy of which is filed herewith ;" and in the record before us the paragraph is followed by a copy of such a bond as was described therein. This was sufficient, under the code. *Reed* v. *Broadbelt*, 68 Ind. 91 ; *Carper* v. *Kitt*, 71 Ind. 24. In such a case, if there is a variance between the description of the

bond in the paragraph, and the copy of the bond therewith filed, the rule is that the copy controls and will be presumed to be right, until the contrary appears. *Crandall* v. *The First National Bank*, etc., 61 Ind. 349 ; *The Liberty*, etc., *Association* v. *Watkins*, 72 Ind. 459.

The deed mentioned in the appellant's complaint was dated on the 20th day of July, 1861, and the bond described in the second paragraph of answer was dated on the 31st day of July, 1861. On account of this discrepancy in the dates of the two instruments, it is claimed by the appellant's counsel, as we understand them, that the deed and bond were not executed concurrently and as parts of one and the same transaction, and that, for this reason, the demurrer to the second paragraph of answer ought to have been sustained. The deed and the bond appear, however, to have been both acknowledged on the same 31st day of July, 1861, before the recorder of Monroe county ; and therefore it may be fairly assumed, we think, that the final execution of the two instruments, by the delivery thereof, were concurrent acts and both consummated on the day of the date of the acknowledgments thereof.

No error was committed by the circuit court, we think, in overruling the appellant's demurrer to the second paragraph of answer.

2. In their cross complaint, the appellees alleged, in substance, that on the —— day of ——, 18—, John Martin, being the owner in fee simple of the real estate described in the complaint, and his wife, the said Margaret Martin, conveyed the said land by a deed absolute on its face, to the appellant ; that the said deed was intended to be and was only a mortgage to secure to the appellant the repayment of the sum of $——, theretofore loaned by him to the said John Martin ; that on the same day, and as a part of the transaction and agreement of the parties, the appellant executed to the said John and Margaret Martin a bond in the

penalty of $3,000.00, and conditioned that he would, upon the repayment to him of said sum of $———, reconvey said land to said John and Margaret Martin ; copies of which bond and deed were filed with said cross complaint. And the appellees further said, that the said sum had been fully paid to the appellant ; and that the said John Martin, on the —— day of ——, 18—, died intestate, leaving the said Margaret Martin, his widow, and the other appellees, his children and heirs at law, surviving him, who were then the owners of said real estate in fee simple. Wherefore the appellees prayed that the said deed might be declared to be a mortgage, and, as such, to be fully paid and satisfied, and for other proper relief.

The first point made by the appellant's counsel, in discussing the sufficiency of this cross complaint, has reference to the blanks appearing therein, both as to dates and amounts. Doubtless, these blanks are a just subject of criticism, and were in direct violation of the rules of good pleading ; but, while this is so, we are of the opinion that the objection to the cross complaint, on account of the blanks appearing therein, was one which could not be reached by the demurrer thereto for the want of facts, but only by a motion to make the pleading more certain and specific as to dates and amounts.

The appellant's counsel again refer, in argument, to the apparent discrepancy between the dates of the deed and of the title bond, as indicating beyond a peradventure that the deed and the bond were not concurrent acts and parts of one and the same transaction ; and, therefore, they claim that the deed in question can not be regarded as a mortgage, and the demurrer to the cross complaint ought to have been sustained. In our view of this question, as already stated, the deed and the bond, although bearing different dates, were concurrently executed as parts of one and the same transaction, as was shown by the acknowledgment of the two instruments on one and the same date. It was alleged in

the cross complaint, that the deed and bond were executed on the same day, as parts of one and the same transaction and agreement; and this allegation was admitted to be true by the appellant's demurrer.  It is clear, therefore, that the appellant's objection to the sufficiency of the cross complaint, upon the ground of the difference in the dates of the deed and bond, is not presented by his demurrer, for the want of facts, to the pleading in question, and is not well founded. Our conclusion is, that the court did not err, in overruling the appellant's demurrer to appellees' cross complaint.

3.  The next supposed error, of which appellant's counsel complain, is the decision of the trial court in overruling the motion for a *venire de novo.*  The general verdict of the jury was, in substance, as follows: "We, the jury, find for the defendants on the plaintiff's complaint, and for the defendants on the cross complaint."  Of this verdict, the appellant's counsel say, in argument: "We think it should read, 'We find for the defendants on plaintiff's complaint, and for the plaintiffs on the cross complaint.'"  In other words, it is claimed that the defendants in the complaint were plaintiffs in their cross complaint and ought to have been so designated in the verdict on their cross complaint.  Technically, no doubt, the defendants, who file a cross complaint, are plaintiffs therein; but even then there is no impropriety in designating them as defendants, in order to distinguish them from the plaintiff in the original complaint.  It is as defendants they file their cross complaint, and, if they were not defendants, they could not file any such pleading.  The appellant's objection to the general verdict did not, we think, entitle him to a *venire de novo.*

4.  Under the alleged error of the circuit court, in overruling the motion for a new trial, it is earnestly insisted by the appellant's counsel, that the general verdict of the jury was not sustained by sufficient evidence and was contrary to law.  The evidence showed very clearly, as it seems to

us, that the deed and the bond were parts of one and the same contract, and together constituted a mortgage, in legal effect, to secure the payment to the appellant by John Martin of the sum of $265.70, "on the 25th day of December, 1862, or any reasonable time thereafter." On the question of the payment of this mortgage debt, as alleged in the cross complaint, the evidence was not so clear and satisfactory, as perhaps, it would have been if the suit had been tried in the lifetime of both the parties to the contract. But we can not, under the well established practice of this court, disturb the verdict of the jury on the weight of the evidence, for, as we read the record, the evidence adduced upon the trial tended fairly to sustain the verdict on every material point. The verdict was not contrary to law.

Appellant's counsel claim that the court erred on the trial in admitting in evidence the record of the title bond, made part of appellees' answer and cross complaint, as the same had been recorded in the recorder's office of Monroe county. The bond had been duly acknowledged by the appellant before the recorder, and was properly admitted to record. 1 R. S. 1876, p. 759, sec. 2. The record of the bond was competent evidence. The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellant's costs.