No. 8855.

## ELMORE v. McCRARY, ADM'R.

SUPREME COURT.—*Complaint.*—If any paragraph of a complaint be good, the complaint will successfully resist an attack made for the first time in the Supreme Court.

SAME.—*Amendment.—Parties.—Decedents' Estates.*—Where an administrator brings a suit, and then resigns, and the record shows that his successor afterwards appears and prosecutes the suit to judgment, a failure to amend the complaint, by inserting the name of the successor, is not material ; the Supreme Court will regard the amendment as made.

SAME.—*Practice.—New Trial.—Evidence.—Default.*—When a trial was had after the defendant had pleaded, and had then suffered default, he should seek relief, not by a motion to set aside the default, but by motion for a new trial, and if this motion depends on affidavits, and some of the questions thus presented require for their correct decision an examination of the evidence, such questions will not be considered by the Supreme Court when all the evidence is not in the record.

NEW TRIAL.—*Affidavits.*—A new trial should not be allowed on account of the party's absence from the trial on account of an accident, where the record shows that the same party has been repeatedly successful in obtaining delay, and at the pending term obtained a continuance on account

of the same accident, no reason being shown why the necessary consultation and preparation could not have been had in season for the trial, or why application was not made to postpone the trial.

From the Fountain Circuit Court.

*G. W. Paul* and *F. S. Graham*, for appellant.

*E. C. Snyder, D. A. Roach, N. P. H. Proctor* and *S. F. Wood*, for appellee.

ELLIOTT, C. J.—It is settled that where one of several paragraphs of a complaint is good, it will repel an attack made, for the first time, by the assignment of errors, although some of the paragraphs are bad. *Charlestown School Tp.* v. *Hay*, 74 Ind. 127. Two, at least, of the paragraphs of the complaint in this case are good, and the attack made by the assignment of errors is, therefore, unavailing.

The record shows that Myers, the original plaintiff and administrator, resigned his trust, and that the appellee was appointed to succeed him. It therefore appears that the proper party plaintiff was before the court. If it were essential that the complaint should be amended by striking out the name of Myers and inserting that of McCrary, we should be required to treat the complaint as having been properly amended. The amendment was one which the appellee might have made in the trial court, and we must treat it as having been made, for substantial justice requires that this should be done.

On the 4th day of February, 1879, a default was entered against the appellant. On the 18th day of the same month, the default was set aside and a rule to answer entered, and this rule was complied with on the 26th day of that month. By continuances granted upon appellant's application, the case was continued until the 31st day of May, 1880, when, upon the failure of the appellant to appear, it was submitted to the court for trial, and a finding and judgment entered in favor of the appellee. On the 3d day of June, 1880, the appellant filed a motion to set aside the judgment entered against

him.   This was overruled, and on the 11th day of the same
month he moved for a new trial, and this motion was also
overruled.

As there had been a trial of the cause, the appropriate mo-
tion was for a new trial; and we pass to the consideration of
the questions presented by the ruling upon that motion.   The
affidavits in support of the two motions are substantially the
same, and, even if it were proper, it would be unnecessary to
consider the motions separately.

The evidence is not in the record, and several of the ques-
tions require, for their correct apprehension and decision, an.
examination of the entire evidence, and we can not consider
them in the absence of the evidence.   Where it is necessary
to a full understanding of the rulings made in the progress
of a trial that the evidence should be brought into the record,
the rulings will not be examined in the absence of the evi-
dence from the record.

The seventh ground stated in support of the motion for a
new trial can be fully understood and ruled upon without
the evidence.   This reason is generally stated as follows:
" For an unavoidable accident which ordinary prudence could
not have guarded against," and this is followed by a specific
statement of the character of the so-called accident.

We have examined the record and affidavits and are not
willing to decide that the court erred in overruling appel-
lant's motion.   We find many delays brought about by the
appellant; a change of venue from Montgomery to Fountain
county, and several continuances.   We find, too, that at the
term preceding that at which the trial took place, a continu-
ance was obtained for the same cause as that upon which the
motion for a new trial is chiefly placed, the illness of the ap-
pellant.   It is very evident that the appellant has been con-
stantly struggling, and with no small measure of success, for
delay.   There ought to be an end to litigation, especially
where, as here, the settlement of a decedent's estate depends
upon its termination.   It was incumbent upon the appellant,

when he sought further delay by procuring a new trial, to make a strong case, and this he has failed to do. There is nothing to show that he could not have consulted with his attorneys in ample season to prepare for trial, or, at least, make an application for a postponement. It is a noticeable fact that the affidavits of his attorneys appear upon the application for a continuance, but are absent from the motion for a new trial. It is true that their affidavits, made several months before the trial, filed in support of the application for a continuance, are filed in support of the motion for a new trial, but they can not be assigned any weight in appellant's favor. So far from supporting the motion they oppose it, for they show that there ought to have been preparation made for trial long before the term at which the trial was had.

Judgment affirmed, with costs.