No. 10,881.

HARVEY v. HUSTON.

NEW TRIAL.—*Evidence.*—*Bill of Exceptions.*—A motion for a new trial, based on alleged errors arising upon evidence, which refers to the evidence as set forth in a bill of exceptions not yet filed, presents no question.

SAME.—*Cause for.*—A motion for a new trial, upon a question of evidence, should clearly specify the evidence in question.

SAME.—*Grounds of Incompetency.*—An objection to evidence as incompetent should point out the grounds of such objection.

From the Superior Court of Vigo County.

*S. R. Hamill, H. N. Spaan* and *F. Heiner,* for appellant.

*H. J. Huston, W. Mack, T. A. Foley, R. Dunnigan* and *H. Dunham,* for appellee.

FRANKLIN, C.—Appellant, as assignee of one J. S. Jordon, sued appellee on a promissory note. The defendant answered failure of consideration. There was a trial by jury, verdict for the defendant, and, over a motion for a new trial, judg-

ment was rendered for the defendant for costs. The error assigned is the overruling of the motion for a new trial. And the reasons stated in the motion for a new trial, that are insisted upon, are the admissions of improper evidence. The record shows that the trial was had December 16th, 1882. The motion for a new trial was overruled, and judgment rendered January 13th, 1883, and sixty days given to file bill of exceptions. The appeal bond and bill of exceptions were filed February 24th, 1883.

Appellant, in stating the reasons for a new trial, instead of stating the evidence objected and excepted to, refers to it as the evidence contained in the general bill of exceptions therewith filed. There was no general bill of exceptions then filed with the motion, and none filed until a month and eight days afterwards. The evidence objected to could not in this way be brought to the attention of the court below in a manner in which it could decide upon it, and the motion can not be aided by the bill of exceptions which was afterwards filed. *Worthington* v. *Brown*, 48 Ind. 152; *Cobble* v. *Tomlinson*, 50 Ind. 550; *Sutherland* v. *Hankins*, 56 Ind. 343; *Miller* v. *Shriner*, 87 Ind. 141.

The foregoing covers all the reasons insisted upon in the motion for a new trial, except the fourth, which reads as follows:

" Error of the court in admitting in evidence, over the objection of plaintiff, the evidence of the assignor of the said note, Dr. J. S. Jordan, on cross-examination of said witness, as to the causes that in his opinion brought about the disease with which he, the witness, believed the defendant, at the time of the execution of the said note, was afflicted."

This statement of the reason is so general that we are unable to determine as to what questions and answers in the witness's testimony it can apply. His cross-examination is very lengthy, and there were a number of questions asked him in relation to what he told the defendant at the time the note was executed, and as to what he had testified to on a

former trial of the cause, but we find no questions or answers directly inquiring into or stating the cause of defendant's disease at the date of the execution of the note.

This reason, in the motion for a new trial, is too general to be held as a cause for the granting of a new trial or the reversal of the judgment. But had such testimony been given under the issues, and the examination in chief of this witness, we can not say that such testimony would have been irrelevant or immaterial, which were the only good objections made to it. Incompetency is too general, unless the incompetency is specified.

There is no error in overruling the motion for a new trial. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the court below be and it is in all things affirmed, with costs.

Filed April 17, 1884.