No. 11,494.

## JONES, ADMINISTRATRIX, v. JONES.

JUDGMENT.—*Motion in Arrest.—Paragraph of Complaint.—Verdict.*—A motion in arrest directed to so much of the finding as may be based upon one paragraph of a complaint will not lie, though that paragraph be bad.

DECEDENTS' ESTATES.—*Agreement among Heirs.—Purchase at Administrator's Sale.—Resulting Trust.—Evidence.—Consideration.*—Where a recovery is sought upon an agreement among the heirs of a decedent, that the personal property of the estate should be bought at the administrator's sale for the benefit of the heirs, and the personal property, subsequent to the purchase by one of the heirs, was sold by him for a price greater than that paid by him, and a share of this increase is claimed, it is necessary to show the existence of a trust, the foundation of which is the intention of the parties, in an agreement made in good faith; and where no facts were alleged from which fraud could be imputed, and the evidence did not show that the purchaser had used any money of the plaintiff, or money furnished on behalf of the plaintiff, in paying for the property acquired in the name of the purchaser, no resulting trust is proved. No consideration to support a trust is shown.

From the Harrison Circuit Court.

*W. T. Zenor* and *S. J. Wright,* for appellant.
*W. N. Tracewell* and *R. J. Tracewell,* for appellee.

BLACK, C.—This was a proceeding upon a claim in favor of the appellee, against the estate of William T. Jones, deceased, the appellant being the administratrix thereof.

The statement of the claim was in the form of a complaint consisting of two paragraphs, to which the appellant answered in three paragraphs: *First.* The general denial; *Second.* Payment by the intestate in his lifetime; *Third.* Set-off. The appellee replied by denial to the second and third paragraphs of the answer. A change of judge was granted, and an attorney was appointed as judge *pro tempore,* before whom the cause was tried, the result being a finding in favor of the appellee for $270.55. A motion for a new trial and a motion in arrest of judgment were made by the appellant and were overruled, and judgment was rendered on the finding.

The motion in arrest was in writing, and asked that the judgment be arrested on so much of the finding as was based on the second paragraph of the claim and complaint, namely, the sum of $87.75 claimed in that paragraph, alleging as reasons that the second paragraph did not state facts sufficient to constitute a cause of action, and that it was too indefinite and uncertain to render judgment upon.

Where a complaint contains more than one paragraph, and there is a general verdict or finding for the plaintiff, a motion in arrest directed to so much of the verdict or finding as may be based on a single paragraph of the complaint will not lie, though that paragraph be bad. See *Waugh* v. *Waugh,* 47 Ind. 580; *Spahr* v. *Nicklaus,* 51 Ind. 221; *Harris* v. *Rivers,* 53 Ind. 216.

The first paragraph of the claim was for money loaned by the appellee to the intestate.

The second paragraph alleged an agreement by and between the heirs of Julia Jones, deceased, mother of the claimant and of the appellant's intestate, that the property offered

Jones, Administratrix, *v.* Jones.

for sale at an administrator's sale of the personal property of the estate of said. Julia Jones, deceased, should be purchased for the benefit of said heirs; that the appellant's intestate, at said sale, purchased certain plank road stock, at a price stated, for the benefit of said heirs, which he soon afterwards sold for their benefit at a greater price stated. Upon this transaction the claimant based a demand for $87.75.

If he could recover upon this part of his claim, it was necessary to show the existence of a trust, the foundation of which was the intention of the parties in an agreement made in good faith. No facts were alleged from which fraud could be imputed, either actual or constructive.

To support such a trust, a consideration was necessary. The evidence did not show that in the payment for the stock, which appellant's intestate bought in his own name, said purchaser used any money or property furnished by the appellee, or which the purchaser or any other person furnished for the appellee, by way of loan or otherwise, or that belonged to him or in which he had any interest. Therefore, the evidence did not show a resulting trust. See *Minot* v. *Mitchell*, 30 Ind. 228; *Pearson* v. *East*, 36 Ind. 27; Pomeroy Eq. Jur., sec. 1031, *et seq.*; Perry Trusts, sec. 124, *et seq.*

An examination of the evidence indicates that the court in its finding allowed the claim set up in the second paragraph.

Among the grounds stated in the motion for a new trial, it was assigned that the amount of the recovery was too large; and, for the reasons above stated, we think that upon this ground a new trial should have been granted.

Per Curiam.—Upon the foregoing opinion, the judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.

Filed Sept. 20, 1884.