Filed Dec. 17, 1884.

---

No. 11,570.

## LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY v. PECK.

ASSIGNMENT OF ERRORS.—*Pleading.*—*Practice.*—An assignment of error in the Supreme Court, that neither paragraph of a complaint states facts sufficient to constitute a cause of action, presents no question. Such an assignment can only be made in regard to the complaint as a whole, and if either paragraph is sufficient, such assignment will not avail to reverse the judgment.

RAILROAD.—*Killing Stock.*—*Complaint.*—In an action, under the statute, against a railroad company, for killing stock, the want of a formal averment in the complaint, that the plaintiff was damaged by the killing of his cattle, will be unavailing for any purpose after verdict.

SAME.—*Damages.*—*Evidence.*—Upon the question of damages, it is proper to allow witnesses to testify as to the value of animals before and after the injury.

PRACTICE.—*Signing Pleadings.*—Where there has been no motion before verdict to strike out or reject a pleading, because not subscribed by the party or his attorney, the defect will not be regarded on appeal.

From the Clay Circuit Court.

*G. W. Friedley*, for appellant.

*I. N. Pierce* and *T. W. Harper*, for appellee.

ZOLLARS, C. J.—Appellee's complaint is in two paragraphs. In the first he asks a judgment for the value of cattle that were killed, and in the second a judgment for the amount of damage to other cattle that were injured by a train of appellant's cars. The cattle entered upon the track and were killed

at a point where the company had neglected to build and maintain a fence.

Under the two assignments of error, that the court below erred in overruling its motion in arrest of judgment, and that neither paragraph of the complaint states facts sufficient to constitute a cause of action, appellant, by its counsel, asks a reversal of the judgment because of the insufficiency of the complaint.

The assignment, that neither paragraph of the complaint states facts sufficient to constitute a cause of action, really presents no question. Such an assignment can only be made in regard to the complaint as a whole, and when properly made, as also a motion in arrest of judgment as here made, calls in question the sufficiency of the complaint as a whole. Hence, if either paragraph is sufficient, neither of the assignments here can be maintained. *Leedy* v. *Nash*, 67 Ind. 311; *Smith* v. *Freeman*, 71 Ind. 85; *Wagner* v. *Wagner*, 73 Ind. 135; *Elmore* v. *McCrary*, 80 Ind. 544; *Iles* v. *Watson*, 76 Ind. 359; *Jones* v. *Pothast*, 72 Ind. 158; *Toledo, etc., R. W. Co.* v. *Milligan*, 52 Ind. 505; *Spahr* v. *Nicklaus*, 51 Ind. 221.

The only objection urged against the first paragraph of the complaint is, that there is no formal statement that appellee was damaged by the killing of his cattle. This is not tenable, especially after verdict. In that paragraph all of the facts attending the killing, and the value of the cattle, are stated, with a prayer for judgment to the amount of the value of the cattle. This is sufficient under the statute. Section 338, R. S. 1881. This being so, the motion in arrest was properly overruled, and the assignment as to the sufficiency of the complaint can not be maintained. It is not necessary, therefore, to examine the second paragraph.

The objections urged against it, however, are not tenable here. It is said that there is no averment in that paragraph that the cattle therein mentioned were damaged. It is averred that they were run upon, and cut, crushed and injured. This is clearly sufficient after verdict. It is said further that

this paragraph was not signed by appellee, nor by his attorney. The statute requires that pleadings shall be subscribed by the party or his attorney (section 358, R. S. 1881), but as there was no motion to strike out or reject the paragraph, and the defect is one that might have been cured by amendment below, it will not be regarded on appeal. *Lowry* v. *Dutton*, 28 Ind. 473; *Fankboner* v. *Fankboner*, 20 Ind. 62; *Harris* v. *Osenback*, 13 Ind. 445; *Lentz* v. *Martin*, 75 Ind. 228.

If the complaint were defective in the particulars pointed out, they were such defects as would clearly be cured by the verdict. See *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380; *Louisville, etc., R. W. Co.* v. *Harrington*, 92 Ind. 457; *Hartlep* v. *Cole*, 94 Ind. 513.

Upon the trial of the cause, some of appellee's witnesses were allowed to testify as to the value of the cattle, mentioned in the second paragraph of the complaint, before and after the injury. It is conceded, in argument, that this was a proper mode of arriving at the amount of damages suffered by appellee. It is the mode sanctioned in the case of *Yost* v. *Conroy*, 92 Ind. 464.

It is contended, however, that the questions to the witnesses, and their answers, were not limited to times immediately before and after the injury of the cattle. There are two sufficient answers to this. In the first place, the evidence clearly shows that the questions and answers had reference to the value, so immediately before and after the injury, as to remove all ground for appellant's contention; and, in the second place, no such objections were made in the court below. In fact the objections were so general as to present no question akin to that urged here. See *Harvey* v. *Huston*, 94 Ind. 527; *Jones* v. *Angell*, 95 Ind. 376, and cases cited.

These are the only questions discussed by appellant's counsel, and as in such case the ruling must be against them, the judgment is affirmed, with costs.

Filed Dec. 10, 1884.