No. 13,470.

JONES v. AHRENS ET AL.

JUDGMENT.—*Action for Review.—Where Brought.*—An action to review a judgment must be brought in the court which rendered the judgment.

PLEADING.—*Defects Curable by Verdict.—Motion in Arrest.*—Where the defects in a complaint are of a character curable by verdict, the complaint is good as against a motion in arrest of judgment.

PRACTICE.—*Defect of Parties.—Motion in Arrest.*—A motion in arrest of judgment presents no question as to a defect of parties.

From the Warren Circuit Court.

C. V. McAdams, for appellant.

J. McCabe and E. F. McCabe, for appellees.

BERKSHIRE, J. — The appellant commenced an action against the appellees and one Augustus Zure, in the October term, 1885, whereby he sought to recover a money judgment against John W. Ahrens and Zure, and to obtain a decree declaring a certain conveyance executed by John W. Ahrens to Augustus Ahrens fraudulent as to creditors, and subjecting the real estate to sale to pay and satisfy the indebtedness.

The appellees demurred to the complaint, which demurrer the court overruled, and the proper exception was entered.

The cause was then put at issue and tried, and a judgment and decree rendered as prayed for in the complaint.

On the 4th day of January, 1886, the appellees, without making Zure a party, brought an action against the appellant to review the judgment and decree that had been rendered in the original action.

To the complaint for review the appellant demurred, assigning as cause of demurrer that the complaint did not state facts sufficient to constitute a cause of action. The court overruled the demurrer, after which the appellant moved in arrest of judgment.

The motion in arrest was overruled, and an exception en-

tered, following which the court gave judgment reversing the judgment and decree rendered in the original action, and ordering the original cause redocketed by its original number.

The original cause was placed upon the docket, and at the next term the court reversed the ruling formerly made, overruling the demurrer to the complaint in that action, and sustained the demurrer thereto, and gave judgment against the appellant for costs.

The appellant assigns two errors:

1. The court erred in overruling the motion in arrest of judgment.

2. The court erred in giving judgment that the original action be redocketed.

The second assignment must be disregarded, for the reason that it can not be assigned as error that the court erred in ordering a cause redocketed.

The first error is well assigned, and presents for consideration two questions:

1. Had the court jurisdiction over the subject-matter of the action?

2. Does the complaint state a good cause of action? R. S. 1881, section 343.

There can be no question about the jurisdiction of the court.

The original action was brought in the Warren Circuit Court, and prosecuted to judgment therein. It was not only proper, but imperative, that the action to review be brought in that court. R. S. 1881, section 615.

The complaint for review states a cause of action in general terms, and is probably sufficient to withstand a demurrer. If defective, the weakness is of a character curable by verdict, and the pleading is, therefore, good as against a motion in arrest of judgment. Buskirk Pr., 264; *Adamson* v. *Rose*, 30 Ind. 380; *Spahr* v. *Nicklaus*, 51 Ind. 221; *Waugh* v. *Waugh*, 47 Ind. 580; *Jones* v. *Jones*, 97 Ind. 188.

The point is made that Augustus Zure, one of the defend-

ants to the original action, is not a party to the action to review. To the latter action he was a necessary party, and had the appellant demurred to the complaint, assigning as a cause of demurrer that there was a defect of parties, it would have been error to have overruled the demurrer, but a motion in arrest of judgment did not present the question.

The judgment of the court below is affirmed.

Filed Jan. 9, 1889.