Filed Sept. 27, 1893.

---

No. 756.

## THATCHER *v.* TURNEY.

ASSIGNMENT OF ERRORS.—*As to Sufficiency of Complaint.*—*When Unavailable.*—When the sufficiency of a complaint is questioned for the first time by an assignment of error in the appellate tribunal, such assignment must be predicated upon the entire complaint, and not upon separate paragraphs thereof, and if either paragraph of the complaint is good, the assignment can avail nothing.

From the Clinton Circuit Court.

*S. O. Bayless* and *C. G. Guenther*, for appellant.

*O. E. Brumbaugh*, for appellee.

Ross, J.—The judgment appealed from was rendered in an action brought by the appellee, against the appellant.

The complaint is in two paragraphs, the first being an *assumpsit* on a *quantum meruit*, and the second upon an express contract. The appellant answered in three paragraphs, as follows: First, general denial; second, a plea of payment, and, third, a set-off. To the second and third paragraphs of the answers a reply of general denial was filed.

Upon a trial of the cause before a jury, a verdict was returned in favor of the appellee, assessing his damages at ninety-four dollars.

Thatcher v. Turney.

The only errors assigned in this court relate to the sufficiency of the facts alleged in the complaint to constitute a cause of action. The complaint was not tested by demurrer, but its sufficiency is challenged, for the first time, by an assignment in this court.

The second and third errors assigned are separate assignments calling in question the sufficiency of each paragraph.

When the sufficiency of a complaint is questioned, for the first time, by an assignment of error in this court, such assignment must be predicated upon the entire complaint, and not upon separate paragraphs thereof. *Reyman* v. *Mosher,* 71 Ind. 596; *McCallister* v. *Mount,* 73 Ind. 559; *Wagner* v. *Wagner,* 73 Ind. 135; *Trammel* v. *Chipman,* 74 Ind. 474; *Schuff* v. *Ransom,* 79 Ind. 458; *Carr* v. *State, ex rel.,* 81 Ind. 342; *Haymond* v. *Saucer,* 84 Ind. 3; *Louisville, etc., R. W. Co.* v. *Peck,* 99 Ind. 68; *Ludlow, Guar.,* v. *Ludlow,* 109 Ind. 199; *Louisville, etc., R. W. Co.* v. *Ader,* 110 Ind. 376; *Ashton* v. *Shepherd,* 120 Ind. 69; *Board, etc.,* v. *Tichenor,* 129 Ind. 562.

The first assignment is addressed to the complaint as an entirety, hence if either paragraph thereof states a cause of action, the assignment will not avail. *Kelsey* v. *Henry,* 48 Ind. 37; *Caress* v. *Forter,* 62 Ind. 145; *Leedy* v. *Nash,* 67 Ind. 311; *Buchanan, Admr.,* v. *Lee,* 69 Ind. 117; *Higgins* v. *Kendall,* 73 Ind. 522; *Charlestown School Township* v. *Hay,* 74 Ind. 127; *Iles* v. *Watson,* 76 Ind. 359; *Elmore* v. *McCrary, Admr.,* 80 Ind. 544; *Stout* v. *Turner,* 102 Ind. 418; *United States Express Co.* v. *Rawson,* 106 Ind. 215; *Branch* v. *Faust,* 115 Ind. 464.

The first paragraph of the complaint is admittedly good.

Judgment affirmed.

Filed Oct. 12, 1893.