EMERY HIBBARD *vs.* AUGUSTINE THOMPSON.

A patient cannot recover, either in contract or in tort, for injuries consequent upon unskil-
ful or negligent treatment by his physician, if his own negligence directly contributed
to them to an extent which cannot be distinguished and separated.

CONTRACT, with an alternative count in tort, each alleging that
the defendant held himself out as a skilful and competent physi-
cian, practising in Lowell; that the plaintiff was sick, and em-
ployed the defendant to treat him for his sickness; and that the
defendant treated him so unskilfully and carelessly as to cause
him great pain, and impair his health, and put him to great ex-
pense for proper medical attendance.  The answer admitted that
the defendant was a physician practising in Lowell, and treated
the plaintiff for sickness by employment of the plaintiff; denied
any want of skill or care; and denied generally all the other al-
legations of the plaintiff.  Trial and verdict for the defendant, in
the superior court, before *Devens*, J., who allowed a bill of excep-
tions of which the following is the material part:

"At the trial, it appeared that the plaintiff was sick with
rheumatism or rheumatic fever; that he employed the defendant
as his attending physician on March 11, 1871; and that on April
5, 1871, the defendant ceased to attend the plaintiff, who then
employed other physicians.  The plaintiff contended, and offered
evidence to show, that a bed sore commenced in about ten days
or two weeks after said March 11; that the attention of the de-
fendant was called to it; and that the defendant, through the
want of ordinary and reasonable skill and attention and care,
neglected it, by reason whereof the plaintiff was made very sick,
and on April 10 was obliged to go to the hospital and remain
there a month, and was for a long time kept from work, and is
still, and likely hereafter to be, more or less disabled.

" The defendant contended, and introduced evidence tending to
to prove, that the sore was not a bed sore, but an ordinary sore
caused by a wound, which wound was caused by the carelessness of
the plaintiff and nurses, in letting the plaintiff fall upon the bed-
rail, and that the sore grew out of the wound by the carelessness

Hibbard *v.* Thompson.

of the plaintiff and nurses, in causing the plaintiff to get cold and thereby causing a relapse of his disease; also that the defendant was a well educated and skilful physician, and treated the plaintiff with due and sufficient knowledge, care, attention and skill.

" The plaintiff requested the judge to rule that ' this is a case where the doctrine of contributory negligence does not apply, and the physician is liable for any results growing out of want of ordinary skill and care on his part.' The judge declined so to rule, and instructed the jury as follows: ' The burden of proof is on the plaintiff to show that all the injury for which he seeks damages proceeded solely from the want of ordinary skill and care on the part of the defendant. If it be impossible to separate the injury occasioned by the neglect of the plaintiff himself, from that occasioned by the neglect of the defendant, the plaintiff cannot recover. If however they can be separated, for such injury as the plaintiff may show thus proceeded solely from the want of ordinary skill or ordinary care of the defendant he may recover. In the present case, the plaintiff claims damages of the defendant for want of ordinary care and ordinary skill in the treatment of him by the defendant, by which, as he says, first a bed sore was caused, and second, after the bed sore was caused, it was improperly treated, and neglected. If the plaintiff should fail to satisfy you that the sore was caused by neglect of the defendant, for this damage he could not of course recover, but he might still recover for the injury occasioned to him solely by the subsequent neglect of the defendant in not taking proper care of it (should he prove such neglect) even if the sore was occasioned by the plaintiff's own carelessness. If however, in the case last supposed, injury has resulted to the plaintiff not solely from neglect in the subsequent treatment of it by the defendant, but also from his own subsequent neglect, and the jury are not satisfied but that both causes have combined to produce the subsequent injury, the plaintiff cannot recover for it. While on the one hand the defendant would not be released from his duty to exercise ordinary care and ordinary skill in his subsequent treatment of a disease, because at a previous stage of it the plaintiff had himself been negligent

and had thus contributed to the condition in which he was, on the other hand it would be for the plaintiff to show, if he seeks damage for want of ordinary care and ordinary skill on the part of the defendant in his subsequent treatment, that it proceeded solely from this, and not from any subsequent neglect on his own part.' "

*G. Stevens & W. H. Anderson*, for the plaintiff

*L. W. Howes & J. C. Kimball*, for the defendant.·

CHAPMAN, C. J.    The plaintiff's declaration contains two counts, one in tort and the other in contract.    Each of them alleges in substance the employment of the defendant as a physician by the plaintiff, and ignorant and unskilful treatment of the plaintiff by him, whereby the plaintiff was put to great pain and suffering.    There was evidence tending to show that the plaintiff's own carelessness contributed to the injury ; and the plaintiff requested the court to instruct the jury that this is a case where the doctrine of contributory negligence does not apply, and the physician is liable for any results growing out of the want of ordinary skill and care on his part.    The first exception taken is to the refusal of the judge to rule as requested.

In *Smith* v. *Smith*, 2 Pick. 621, the court say that the action cannot be maintained for negligence, unless the plaintiff can show that he used ordinary care, for without that it is by no means certain that he himself was not the cause of his own injury.    In *Eaton* v. *Boston & Lowell Railroad Co.* 11 Allen, 500, it was decided that if the plaintiff, in an action occasioned by the carelessness of a railroad company, elects to sue in contract or in tort, the rule of duty is the same in either action.    So here the rule of duty and of damages would be the same upon either of the counts.    We think the court rightly refused the instruction asked.

The instructions which were actually given are also excepted to.    But they seem to us to contain a careful and accurate discrimination between the different aspects of the case as the jury might find the facts to be.    They were first instructed that, " if it be impossible to separate the injury occasioned by the neglect of the plaintiff from that occasioned by the neglect of the defend·ant, the plaintiff cannot recover ; " but the judge added : " I

however they can be separated, for such injury as the plaintiff may show thus proceeded solely from the want of ordinary skill or ordinary care of the defendant he may recover." The first part states the ordinary rule as to the negligence of the plaintiff; the second states the proper limitation of the rule. It is an important limitation; for a physician may be called to prescribe for cases which originated in the carelessness of the patient and though such carelessness would remotely contribute to the injury sued for, it would not relieve the physician from liability for his distinct negligence, and the separate injury occasioned thereby. The patient may also, while he is under treatment, injure himself by his own carelessness; yet he may recover of the physician if he carelessly or unskilfully treats him afterwards, and thus does him a distinct injury. In such cases, the plaintiff's fault does not directly contribute to produce the injury sued for.

The remaining instructions consist of an application of these principles to the present case, and are so clearly expressed that they could not have misled the jury.     *Exceptions overruled.*