Rex, J.
This was an action to recover of the defendant, a physician and surgeon, for malpractice in treating a *87 swollen and diseased foot and ankle of the plaintiff'. One of the questions presented for our consideration, arises upon the refusal of the court to instruct the jury as requested by the plaintiff1, and upon the instructions given in relation to the question of .contributory negligence, on which subject there was testimony, tending to show such negligence on the part of the plaintiff. The instructions requested by counsel for plaintiff, were :
1. “ That if they find any want of the ordinary care, skill, or diligence of physicians and surgeons, on the part of the defendant, which diminished the chances of the plaintiff’s recovery, or increased his suffering, or prolonged his illness, such want of care, skill, or diligence would constitute injury to the plaintiff, for which he is entitled to recover.”
2. “ That if they find the plaintiff retained the defendant as a physician and surgeon to manage, take care of, and treat the diseased and swollen foot and ankle of the plaintiff' described in the petition, in a skillful and proper manner, and that the defendant, being so retained, did professionally, as a surgeon and physician, manage and treat said diseased and swollen ankle, and in such management and treatment did not exercise the ordinary care, skill, and diligence of surgeons and physicians in such’cases, and injury resulted to the plaintiff' from such want of care, skill, and diligence, .then and in that case the plaintiff is entitled to recover in this action,” — which the court gave to the jury with this modification:
“ If you shall find, that the defendant directed the plaintiff to observe absolute rest, as a part of the treatment to said foot, and that direction was such as a surgeon or physician of ordinary skill would adopt or sanction, and the plaintiff negligently failed to observe such direction, or purposely disobeyed the same, and that such neglect or disobedience approximately contributed to the injuries of which he complains, he can not recover in this action, although he may prove that the defendant’s negligence and want of skill also contributed to the injury. This grows *88 out of the doctrine that a party, who has directly, by his •own negligence or disregard of duty, contributed to bring an injury upon himself, can not hold other parties, who have also contributed to the same, responsible for any part thereof, nor does it make any difference that one of the parties contributed in a much greater degree than the •other; the injured party must not have contributed at all.”
Ve are of opinion that the court did not err in so modifying the instructions requested by the plaintiff, whether the action be regarded as based upon the implied contract of the surgeon or upon tort.'
It is a well-settled principle of law, that a party seeking to recover for an injury, must not have contributed to it in any degree, either by his negligence, or the disregard of a duty imposed upon him by a party who, by his negligence •or want of care or skill, may also, in some degree, have contributed to the injury. Smith v. Smith, 2 Pick. 621; Hibbard v. Thompson, 109 Mass. 286.
This principle, as well as the evidence in the case, were entirely ignored, by the instructions asked to be given to the jury by plaintiff's counsel.
It is also claimed that the court below erred in overruling the motion of the plaintiff for a new trial on the ground "that the verdict was contrary to the evidence.
This claim is based upon the alleged facts, among others, that the testimony shows that the neglect and refusal of the plaintiff to obey the instructions of the defendant as to the condition in which the foot was to be kept, that of “-absolute rest,” was induced by the false information given by the defendant to plaintiff' concerning' the nature of his malady, and that the defendant, by his want of skill in the •treatment of the disease, caused the injury.
Upou these points, the testimony contained in the record •is conflicting.
It is undoubtedly true, that the information which a surgeon may give to a patient concerning the nature of his malady, is a circumstance that should be considered by the jury in determining the question whether the patient, in dis *89 ■obeying the instructions of the surgeon, was guilty of contributory negligence or not.
No special instruction was asked upon this point at the trial in the Court of Common Pleas, and as we are unable, from an examination of all the testimony, to say that the plaintiff was misled by any false statement made to him by the defendant, as to the nature of his malady, we are of opinion that the court did not err in overruling the motion ■on this ground.
The remaining point was fully and fairly submitted'to the jury by the court, upon all the evidence in the case, and we do not think their finding should be disturbed.

Leave refused.

McIlvaine, C. J., and Welch, White, and Gilmore, JJ., ■concurring.