Jones v. Angell.

No. 10,686.

## JONES v. ANGELL.

PRACTICE.—*Failure to Answer Interrogatories.—Venire De Novo.—Waiver.*— Where neither motion nor objection is made on the ground that a jury has failed to return, with their general verdict, answers to interrogatories put to them, a *venire de novo* will not lie on that ground.

EVIDENCE.— *Witness.—Expert.* — An expert may not only give his opinion, but may state facts which are the result of scientific knowledge or professional skill.

SAME.—*Malpractice.—Action against Surgeon.*—In an action against a surgeon for malpractice, the admission of evidence by the defendant, that he had neither received nor charged any fee for his services, is harmless to the plaintiff. .

SAME.—*Opinion as to Skill.*—In such action it was competent for the defendant to testify that a surgeon who had assisted him to perform the act of surgery in question, was skilful.

SAME.—*Instruction as to Failure of Proof.*—It was proper to instruct the jury that if the plaintiff's evidence failed to preponderate as to any material allegation of any paragraph of his complaint, he could not recover on that paragraph; and that, if the evidence as to any material allegations of each paragraph was so balanced that there was no preponderance in his favor, he could not recover at all.

SAME.—*Contributory Negligence.*—Evidence of alleged disobedience by the defendant of the professional instructions of the plaintiff may properly be referred to by the court, in its instructions, in directing the attention of the jury to the question of contributory negligence.

SAME.—*Words of Synonymous Meaning.*—Where, in such instructions, the court, in referring to the skill required of the defendant, uses the terms *"fair"* knowledge as the synonym of *"reasonable"* knowledge, there is · no error.

PRACTICE.—*Objections to Evidence.—Competency.*—Objections to the competency of evidence should clearly point out to the trial court the ground of the incompetency.

SAME.—*Harmless Instruction.*—An instruction which, though abstractly erroneous, works no injury in the particular case wherein it is given, is harmless.

From the Tippecanoe Circuit Court.

*R. Gregory, J. R. Coffroth* and *T. A. Stewart,* for appellant. *J. Applegate* and *C. R. Pollard,* for appellee.

COLERICK, C.—This action was brought by the appellant

against the appellee for alleged malpractice on the part of the appellee, as a surgeon, in not properly setting and treating the appellant's broken arm. The complaint consisted of two paragraphs. It is unnecessary to refer to its averments, as no question involving their sufficiency has been presented for our consideration. An answer of general denial was filed. The issues were tried by a jury, and resulted in the rendition of a verdict and judgment in favor of the appellee. Motions for a *venire de novo*, new trial, and in arrest of judgment were overruled, and these rulings are assigned as errors.

The motion for a *venire de novo* was in writing, and recited as the sole cause for its support that the court erred in discharging the jury without requiring them to answer the interrogatories, five in number, that had been submitted to them, at the instance of the appellee, and which the jury were directed by the court to answer in case they found a general verdict. The bill of exceptions, reserving this question, shows that the jury returned a general verdict in favor of the appellee, but failed to answer the interrogatories, to which omission the attention of counsel was called before the discharge of the jury, but no objection to the omission being made, or any motion interposed to require the interrogatories to be answered, the jury were discharged without answering them.

It is settled, as a rule of practice in this State, by the decisions of this court, that objections to imperfect or incomplete answers to interrogatories submitted to a jury are waived unless made before the discharge of the jury. See *City of Huntington* v. *Breen*, 77 Ind. 29, and the cases there cited. This rule applies with equal force to cases where the jury are discharged, in the absence of objection, without answering the interrogatories submitted to them, as it does in cases where the interrogatories are imperfectly or defectively answered. No error was committed in overruling the motion for a *venire de novo*.

The only reasons assigned in support of the motion for a new trial that have been urged or discussed by the appellant

in this court are, that the court erred on the trial of the case in admitting certain evidence, which is referred to in the motion, and in giving certain instructions to the jury at the request of the appellee. The evidence referred to, except that hereafter mentioned, was rendered by physicians, who had been called as experts, to testify to subjects relating to surgery. The evidence rendered by them was relevant and material. The only objection to the evidence that has been discussed by the appellant in his brief relates to its competency. If any objection on that ground existed it was insufficiently stated in the court below to present the question for consideration. An objection, as was made in this case, that the evidence offered is incompetent, without specifically stating the grounds upon which the objection is founded, is too indefinite to present any question. See *Lake Erie, etc., R. W. Co.* v. *Parker,* 94 Ind. 91, and the cases there cited; also *McClellan* v. *Bond,* 92 Ind. 424.

The opinion of an expert in any art, science, trade, profession or mystery may be given where it is proper for the decision of a question relating to the issues in the case. See *Indiana, etc., R. W. Co.* v. *Hale,* 93 Ind. 79. One who is an expert may not only give opinions, but may state facts which are the result of a scientific knowlege or professional skill. *Emerson* v. *Lowell, etc., Co.,* 6 Allen, 146. The evidence was properly admitted by the court.

The appellant insists that the court erred in allowing the appellee to testify that he had received no compensation from, and had made no charge against, the appellant, for the services which he rendered in treating the appellant's injury, and the case of *Baird* v. *Gillett,* 47 N. Y. 186, is cited by the appellant in support of his assertion. In the case cited, which was an action for malpractice, the trial court admitted proof by the plaintiff that the defendant had never presented any bill, or asked any pay, for his services. The proof was admitted by the court, as a circumstance, in the nature of an

admission, tending to prove that the defendant was guilty of malpractice as charged. On appeal it was held that the court below erred in admitting the evidence. The tendency of such proof, if competent, would be favorable to the plaintiff in a case like this. If error was committed in this case in permitting such proof to be made, it did not affect or prejudice the rights of the appellant, and, therefore, was a harmless error. It is firmly settled by many cases that a judgment will not be reversed by this court for harmless errors committed in the court below. Buskirk Pr., p. 284.

It is also claimed by the appellant that the court erred in permitting the appellee to prove that Doctor Richardson, who assisted him in setting the fractured arm, was a skilful physician and surgeon. The evidence. was evidently introduced for the purpose of showing that Doctor Richardson was a suitable person to render the services performed by him, and for that purpose it was competent.

The instructions referred to in the motion for a new trial that have been assailed in this court are those numbered one, four, six, eight and eleven. The first instruction was as follows: "To entitle the plaintiff to recover in this action, he must have proved by a preponderance of evidence every material allegation in one of the paragraphs of his complaint. If, therefore, upon any material allegation of either paragraph of the complaint the evidence is equally balanced, upon that paragraph of the complaint your verdict must be for the defendant; and if, in both paragraphs, there be one or more material allegations upon which the evidence is equally balanced, then upon the whole case your verdict must be for the defendant." The objection urged by the appellant to this instruction is, that it incorrectly informed the jury that if the appellant failed to prove any material allegation of both paragraphs they should find for the defendant, which, it is asserted, was wrong, because a material allegation of one paragraph might be unproven, and yet a complete cause of action made out under the other. We do not think that the instruc-

tion can be fairly so construed. It clearly and distinctly informed the jury that to defeat a recovery, for the cause mentioned, there must be a failure of proof as to one or more material allegations in *both* paragraphs, not one, of the complaint.

The fourth instruction was, "If you find that the injuries of which plaintiff complains were caused wholly or in part by his own acts or negligence, then he can not recover. It is the duty of a patient to observe and follow the reasonable directions of his physician and surgeon. If the plaintiff, after having been treated for some time by the defendant, upon going away from the place where the treatment had been given, was instructed by the defendant to return for further treatment as soon as he began to suffer pain, and that although he suffered pain he neglected for a week to return for treatment, this is a fact for you to take into consideration, with the other facts of the case, in determining whether the plaintiff himself was not negligent." There was evidence establishing, or strongly tending to establish, the fact alluded to in the instruction. It was an important fact to be considered by the jury, with the other facts in the case, in determining the question whether the appellant by his own negligence, or want of care, caused, or contributed in causing, the injuries of which he complained, and it was not improper for the court to direct, in the manner it did, the attention of the jury to the fact. Its existence was not assumed by the court, as asserted by the appellant. The instruction merely stated, in effect, that if such fact existed, it should be considered by the jury with the other facts in the case, in determining whether the appellant himself was not negligent.

It is the duty of a patient, as stated in the instruction, to submit to the treatment prescribed by his physician, and to follow the necessary or reasonable directions given by him. *McCandless* v. *McWha*, 22 Pa. St. 261; *Potter* v. *Warner*, 91 Pa. St. 362 (36 Am. R. 668); *Geiselman* v. *Scott*, 25 Ohio St. 86; Elwell Malpractice, 127; Shearm. & Redf. Neg., section 443; McClelland Civil Malpractice 510.

Jones v. Angell.

If the patient, by refusing to adopt the remedies or comply with the directions of the physicians, frustrates or defeats the endeavors of the physician, or if he aggravates the case by his misconduct, he can not charge to the physician the consequences due distinctly to himself. Whart. Neg., section 737. A party seeking to recover for an injury must not have contributed to it in any degree, either by his negligence or the disregard of a duty imposed upon him by his physician, who, by his negligence, or want of care or skill, may also, in some degree, have contributed to the injury. *Geiselman* v. *Scott*, *supra*. If the contributory negligence of the patient united in producing the injuries complained of, the physician is not liable for damages therefor. *Potter* v. *Warner*, *supra*; *McCandless* v. *McWha*, *supra*; *Scudder* v. *Crossan*, 43 Ind. 343; *Gramm* v. *Boener*, 56 Ind. 497. The instruction is in harmony with, and fully sustained by, the authorities which we have cited, and is not in conflict with the case of *Hibbard* v. *Thompson*, 109 Mass. 286, cited by the appellant, where it was held that if the negligence of the patient can be separated from that of the physician, the patient may recover for such *separate* injury as proceeded *solely* from the *distinct* negligence of the physician. No error was committed in giving this instruction to the jury.

The sixth instruction was as follows: "If you find that while the plaintiff needed medical and surgical skill and treatment he withdrew from the defendant's care and attention, and failed to procure other medical and surgical attention, and this without any fault of the defendant, then he can not recover, unless for the time he withdrew himself there had been some lack upon the defendant's part of proper care and skill."

This instruction does not state the law with sufficient accuracy, but as applied to the facts in this case it was not erroneous. Although abstractly an instruction may be erroneous, still if, under the facts of the case, the party who excepts is not injured thereby the judgment will not be reversed. *Morford* v. *Woodworth*, 7 Ind. 83; *Hall* v. *State*, 8 Ind. 439;

*Hayden* v. *Souger,* 56 Ind. 42 (26 Am. R. 1); *Simpkins* v. *Smith,* 94 Ind. 470.

The only objection that has been urged by the appellant against the eighth instruction, which related alone to the evidence in the case, is that it assumed that certain facts had not been proven. We have carefully examined the instruction and find that it is not subject to such an objection.

The eleventh instruction was as follows: "A surgeon in the treatment of a fractured arm (is not required) to have an infallible judgment or perfect skill. If possessed of fair or ordinary knowledge and skill, and if he exercises them to the best of his ability he is not bound to warrant his judgment. Acting in good faith a properly qualified physician or surgeon may do an act or adopt a treatment which may do harm and produce a bad result, yet if done in good faith and in the exercise of *fair* knowledge and skill he would not be liable."

The only objection urged by the appellant to this instruction is that the expression "*fair* knowledge and skill" is used in lieu of the phrase "*reasonable* or *ordinary* knowledge and skill." It will be observed that in the first part of the instruction the phrase employed was "*fair* or *ordinary* knowledge and skill." It is quite evident that the words "fair" and "ordinary" were used by the court as synonyms. Webster, in his dictionary, gives as a synonym for "fair" the word "reasonable."

In *Carpenter* v. *Blake,* 60 Barb. 488, a similar objection was made to an instruction like the one under consideration, where the court, after first using the words "reasonable and ordinary skill," used in a subsequent part of the same instruction the phrase "average skill." It was held that the phrase last employed was evidently used as equivalent to the one first employed. The court, by MULLIN, P. J., said: "It seems to me to be impossible to misunderstand this part of the charge. The judge lays down the rule as it is given by writers on the law, and by the judges in their instructions to juries, and a change of phraseology does not change the rule; at all events,

it is obvious that the judge, in the last sentence cited, did not intend to modify or vary the rule as it had previously been laid down by him." We do not think that the jury could have been misled by this instruction. No error was committed in giving it to the jury.

This disposes of all the questions presented in the case, and there being no error in the record, the judgment ought to be affirmed.

PER CURIAM.—The judgment of the court below is affirmed, at the costs of the appellant.

Filed May 14, 1884.