No. 762.

## YOUNG v. MASON.

PHYSICIAN AND PATIENT.—*Malpractice.—When Patient May Recover, When Not.—Mixed Negligence.*—In an action against a surgeon for malpractice, no recovery can be had by the patient against the surgeon, in any case, where both the surgeon and patient are free from negligence, or where the surgeon and patient are both guilty of negligence, or where the surgeon is free from fault and the patient is guilty of negligence.   It is only where the surgeon is guilty of negligence, and the patient is without negligence on his part, contributing in any degree to such injuries, that the patient can recover damages of the surgeon.

SAME.—*Contributory Negligence.—Judgment on Answers to Interrogatories, non Obstante.*—In such an action, when the answers to inter-

rogatories show that the patient, by his negligent conduct in disregard of his surgeon's instructions, and in interfering with the surgeon in the discharge of his duties, contributed to the injuries complained of, the defendant is entitled to judgment on such answers, notwithstanding a general verdict for the plaintiff.

From the Grant Circuit Court.

*W. H. Carroll, G. D. Dean* and *A. J. Remy*, for appellant.

*H. Brownlee, H. J. Paulus, E. Pierce* and *J. A. Hindman*, for appellee.

DAVIS, J.—In her complaint the appellant alleges that on the 9th day of July, 1891, she suffered the following injuries, to wit:

1. Broke and fractured the radius of her left forearm, near the wrist joint.

2. Dislocated laterally both bones of her left forearm, at the elbow joint.

3. Fractured the inner condyle of the humerus of the left elbow.

It is further alleged that she employed the appellee, a practicing physician and surgeon, of Hartford City, Ind., to attend and treat her said injuries. This action is to recover damages alleged to have been sustained by appellant, as the result of alleged unskillfulness and negligence on the part of appellee, in the treatment of her said injuries in the following respects, namely:

1. That he did not exercise due care and skill in setting and reducing said fractures and dislocations, and in the treatment of said injuries.

2. That he negligently, carelessly, unskillfully, and unprofessionally pretended to set and reduce said fractures and dislocations.

3. That he failed to properly reduce said dislocation of said elbow joint, and to properly bandage the same so as to hold said bones to their proper places.

4. That he too frequently changed the bandages and splints on said wounds, and prevented the union of the fragments of said broken bones by frequently manipulating and moving the same.

5. That he prevented the proper relocation and adjustment of said dislocated elbow by too frequently manipulating and moving it.

Whereby it is charged:

1. That said bones of said joints, by adhesion to the surrounding parts, became stiff at said joints.

2. That said left arm became permanently stiff and crooked at said joints.

3. And because of the negligence, and carelessness, and unskillfulness of appellee in improperly reducing the dislocation of the elbow joint, and in bandaging and treating said arm and hand, the appellant's hand and fingers have become stiff and permanently crooked.

The venue of the cause was changed from the Blackford to the Grant Circuit Court, where it was tried by a jury. The jury returned a general verdict in favor of appellant for $1,000, and they also returned answers to forty interrogatories submitted by appellee. Upon motion of appellee, the court rendered judgment in his favor on the answers to the interrogatories. This ruling is the basis of the only error assigned. The question presented is, whether the facts disclosed by the answers to the interrogatories can, in any way, be reconciled with the general verdict. The general verdict necessarily decided all material questions in favor of appellant. As was well said by Judge NEW, in *Gaar, Scott & Co.* v. *Rose*, 3 Ind. App. 269, "The answers to interrogatories override the general verdict only when both can not stand together, the antagonism being such, upon the face of the record, as is beyond the possibility of re-

moval by any evidence admissible under the issues in the cause.''

In the language of Judge ELLIOTT, in another case, ''If there is no irreconcilable conflict between the general verdict and the special answers, the former must prevail, and it is likewise true that intendment will not be made in favor of the special answers. It is also true that the answers to the interrogatories can not control the general verdict if they are contradictory, although the verdict may be in irreconcilable conflict with some of these answers.'' *Matchett* v. *Cincinnati, etc., R. W. Co.*, 132 Ind. 334.

In the light of these authorities, the first proposition to be determined is whether the answers to the interrogatories conclusively show that appellee was not guilty of negligence resulting in any of the injuries for which recovery is sought in this action.

It is clearly shown, by the answers, that the appellee did possess the fair and ordinary knowledge and skill. *Jones* v. *Angell*, 95 Ind. 376; *Gramm* v. *Boener*, 56 Ind. 497.

Also that the manner in which he dressed and treated appellant's injuries was, with one exception, such as is approved and followed by the most skillful surgeons in that vicinity, and which is approved by the standard authors and text-writers upon the subject of surgery. The exception is that the answers do not conclusively show that appellee exercised due skill and care in reducing the fracture near the wrist joint. The most that can be said in behalf of appellee, in this respect, is that the answers are contradictory.

Counsel for appellee, however, contend that ''Granting, for the time being, that this fracture was not reduced, there is nothing in the entire record indicating that the

appellant was injured or even inconvenienced by this omission."

All we deem it necessary to say on this subject is that when we refer to the allegations in the complaint, to which we have heretofore called attention, which, in view of the general verdict, so far as the question now under consideration is concerned, we must regard as having been proven on the trial, the court can not say, as a matter of law, in the absence of an express finding to the contrary, that the appellant was not injured or inconvenienced by reason of the alleged negligence of the appellee in failing to reduce the fracture near the wrist-joint.

Conceding that the answers to the interrogatories fail to show that appellee was not guilty of the unskillfulness or negligence charged in the complaint, in the respect last mentioned, does it appear from these answers that the alleged injuries which are made the basis of the action, were in any degree caused by the want of proper care on the part of appellant? In other words, is appellant shown to have been guilty of any act of negligence which was the proximate cause of the injuries of which complaint is made?

The interrogatories and answers thereto bearing on this branch of the case are as follows:

"Did not the defendant, at his first visit, after having properly examined, reduced, adjusted, bandaged, and dressed the arm, and at divers other times, order and direct plaintiff not to remove her arm from the sling, but to keep it in the sling at rest? A. Yes.

"If you answer question 18 (the preceding question) in the affirmative, state if such orders and directions given the plaintiff by the defendant were proper, and whether a strict observance of the same was necessary to

the proper treatment of the injuries of the arm. A. In the main it was.

"If you answer question 18 in the affirmative, state if it is not true that the plaintiff failed, refused and neglected to obey the orders and directions of the defendant by taking and removing the arm from the sling in the defendant's absence. A. She did in part.

"Is it not true that the plaintiff at divers times within the first, second, and third weeks following her injuries, remove the injured arm from the sling in violation and disregard of defendant's directions and instructions? A. Yes.

"Did not the plaintiff on divers occasions within the first, second, and third weeks following the injury, and after the said third morning, remove the arm from the sling, and leave it out for short times, placing it in different positions while out of the sling, and if this was not in violation of the defendant's instructions to her? Answer fully. A. Yes.

"Did the plaintiff obey the directions and instructions of the defendant in the matter of caring for and treating her arm in his absence? A. Not entirely.

"If you answer question 28 (last question) in the negative, state fully how and in what manner the plaintiff failed to follow defendant's directions and instructions. A. By taking her injured arm out of the sling and placing it on her lap, window-sill, and table.

"Is it not a fact that the injured arm was highly inflamed and very much swollen for a time? A. Yes.

"If you answer question 31 in the affirmative, state if the inflammation and swelling was not produced in part as the natural result of the injuries sustained? A. Yes.

"If you find that the plaintiff, at divers times within the week following the injury, removed her arm from the sling, state if it is true that the natural tendency of such

conduct was not to aggravate and increase inflammation and swelling. A. It was to some extent.

"If you answer question 33 in the affirmative, state if it is not true that the inflammation and swelling of plaintiff's arm was not aggravated and increased by the removal of her arm from the sling. A. It would partially.

"Is it not a fact that the natural effect and tendency of such inflammation and swelling over and about the injured parts, and over and about the ligaments, tendons, muscles, and soft parts of the arm was to produce and cause a stiffened condition of the elbow, wrist, and finger-joints? A. Yes.

"If you find that the arm at and about the points of the injuries was greatly inflamed and swollen, and that the natural tendency of such inflamed and swollen condition was to cause stiffness at the elbow, wrist, and finger-joints, what do you find from the evidence was the proper treatment of the arm in that condition to prevent or overcome such tendency to stiffness in said joints? A. Passive motion and the application of lotions.

"Do you not find that the arm was highly inflamed and swollen for a time, and that the natural tendency of such condition was to produce stiffness in the joints if not properly treated, and that the proper treatment to prevent such results was to use passive motion. A. Yes.

"Is it not a fact that the defendant, at the proper times, used such passive motion at these joints, when allowed to do so by the plaintiff, as fully and freely as she would permit? A. Yes.

"Is it not a fact that the plaintiff, on account of the pain (caused) by the defendant's effort to produce passive motion at the elbow, wrist, and finger joints, refused

to allow him to employ such means for her recovery, and that he was prevented, by such refusal, from using such passive motion at the times and to the extent proper? A. Yes.

"If you find from the evidence that there is a partial stiffness at the elbow, wrist, and finger joints, do you not find that this condition of these joints resulted, in whole or in part, from the refusal of the plaintiff to permit the defendant to subject these joints, at the proper times, to passive motion? A. In part."

Before considering the effect of these answers, we will briefly refer to the authorities which relate to the duties of the patient in such cases, and also the question of contributory negligence on his part.

In *Potter* v. *Warner*, 91 Pa. St. 362, 36 Am. Rep. 668, the court says: "It is, however, the duty of the patient to submit to the treatment prescribed, and to follow the directions given, provided they be such as a physician of ordinary skill would adopt or sanction. * * * If the injuries were the result of mutual and concurring negligence of the parties, no action to recover damages therefor will lie. A person can not recover from another for consequences attributable in part to his own wrong. Nor is it necessary that the negligence of each party be equal, to defeat a recovery. *Cattawissa R. R. Co.* v. *Armstrong*, 13 Wright, 186."

It was well said, in *Railroad* v. *Norton*, 12 Harris, 465: "The law has no scales to determine in such cases whose wrong-doing weighed most in the compound that occasioned the mischief." *Jones* v. *Angell, supra*.

Indulging every reasonable presumption and intendment in favor of the general verdict, and granting that the appellant established, to the satisfaction of the jury, every fact put in issue by the allegations in her complaint, except when the answers to the interrogatories

affirmatively and conclusively show to the contrary, and giving a fair and reasonable construction to the facts, which are clearly, specifically, and without conflict or contradiction, found in said answers, we conclude that the negligence of the appellee in failing to reduce the fracture near the wrist, and the refusal of appellant to allow appellee to subject the injured joints at the proper times to passive motion concurred in producing the injuries for which recovery is sought.

It is urged by counsel for appellant that one of the injuries complained of is the failure to reduce the fracture, and that it is not shown that any negligence of appellant contributed to this injury.

We do not so understand the allegation in the complaint. The failure to reduce the fracture near the wrist is one of the alleged negligent acts of appellee. This act, with other acts of negligence, it is charged, as we have seen, caused the injuries specifically complained of, as hereinbefore stated, for which damages are sought. The bone was fractured near the wrist, and the elbow was dislocated. Appellee, in all respects, fully discharged his duty, except he failed to reduce the fracture. The appellant did not obey his directions, and refused to allow appellee to subject the injured parts at the proper times to passive treatment, and this contributory negligence on the part of appellant united with the said negligence on the part of appellee in causing the adhesion of the bones to the surrounding parts, the stiffness of the joints and the loss of the use of the arm. In other words, it is not charged that the failure to reduce the fracture is one of the injuries which resulted from his negligence, but this act is charged as the negligence which caused the stiffness of the joints. If the failure of appellee to reduce the fracture had caused the stiffness of the joints, without any negligence of appellant contributing thereto, ap-

pellee would undoubtedly be liable in damages therefor. The injuries complained of were certainly aggravated by the misconduct of appellant, and therefore appellee, under the authorities, is not liable in damages therefor. *Jones* v. *Angell, supra.*

The condition of the arm, the loss of its use, the stiffness of the joints, are the injuries of which it is alleged the negligent acts of the appellee were the proximate cause, and these injuries are shown by the answers to the interrogatories to have been the result, in some degree at least, of contributory negligence on the part of appellant. *Jones* v. *Angell, supra.*

For instance, suppose a man fractures the bones in his leg below the knee, and calls a surgeon to treat the injuries, and the surgeon negligently fails to properly reduce one of the fractures, but in all other respects gives proper treatment, and the patient, in disobedience of the directions of the surgeon, negligently removes the bandages used as a part of the proper treatment by the surgeon, or is otherwise guilty of contributory negligence, and such combined negligence of the surgeon and patient unite in producing a shortness and stiffness of the leg, for which injuries an action is brought against the surgeon, can the patient recover? The patient is certainly not responsible in such case for the original negligence of the surgeon in failing to properly reduce the fracture, but this negligence of the surgeon unites with the subsequent contributory negligence of the patient in causing the shortness and stiffness of the leg. Now, it seems clear to us under such circumstances, and the authorities cited, that the patient can not recover for the consequent shortness and stiffness of the leg. When both the surgeon and patient are free from negligence, or where the surgeon and patient are both guilty of negli-

gence, or where the surgeon is free from fault and the patient is guilty of negligence, no recovery can be had by the patient against the surgeon in any case. It is only where the surgeon is guilty of negligence and the patient is without negligence on his part, contributing in any degree to such injuries, that the patient can recover damages of the surgeon.

In this case it appears, as we have seen, that both parties were, in some degree, at least, in fault in producing the injuries in question, and therefore the court below did not err in rendering judgment for appellee.

Judgment affirmed.

Filed Nov. 22, 1893.