Davis, J.
The only question discussed by counsel for appellant is the ruling of the trial court upon appellant’s motion for judgment upon the answer of the jury to the interrogatories, notwithstanding the general verdict, and the affirmance of said ruling in the general term of that court.
The first paragraph of the complaint charges in substance that appellee accidentally fell and injured her left arm and wrist and that she called appellant, who was holding himself out to the public as a competent physician and surgeon, and employed him to treat her said injuries for a reasonable compensation; that said appellant, after examining appellee’s injured arm and wrist, pronounced it a sprain and treated it as such., when in fact there was a fracture of one of the bones of the arm and a dislocation of. the small bones of the wrist; that said appellant did not, as he should have done, reduce said fracture andreplace the said dislocated parts; that said appellant so negligently and unskillfully treated the appellee’s injuries as to make the same a permanent injury; that such careless and negligent treatment added greatly to the pain and suffering of appellee and has greatly impaired the usefulness of appellee’s said arm and wrist, etc.
The facts are more fully and specifically pleaded in the second paragraph of the complaint. This paragraph alleges, among other things, that appellee followed the directions of appellant during such treatment, and that *686 the treatment of appellant resulted in the crippling and the permanent disablement of appellee’s wrist, arm and hand; that appellant told appellee that said injury was merely a severe sprain and treated it as such, when in fact the said bones were fractured and displaced, as stated in a former part of the paragraph, and that said appellant, by his negligence, want of skill and care, neglected to reduce said fracture and replace the said dislocated parts, and left the same without any adjustment, so that the said wrist and adjacent parts are now enlarged, stiff and comparatively useless; that by reason of said unskillful treatment, etc.
The appellant answered in two paragraphs. The issues were submitted to a jury for trial, which returned a general verdict in favor of appellee for fifty dollars. In answer to interrogatories, the jury found that appellant pronounced said injury a severe gprain; that he bandaged the injury and ordered hot water and vinegar; that she was injured on the 31st of December, 1892; that he saw her first on January 1, 1893, at her home; that she called at- his office ten days later and again on January 15; that she called a third time at his office on February 3d and again on the 19th of March, when she threatened him with a damage suit; that he then informed her that he could still make her a fairly good wrist if she would give him an opportunity; that appellee needed medical treatment after March 19 on account of her injured wrist, but that she never called at appellant’s office after that date; that appellee has not received any treatment for her injured wrist since March 19, 1893; that appellee did not give appellant a fair opportunity to heal her injured wrist; that appellant did not treat appellee’s injured wrist with ordinary skill and care; that he was negligent and unskillful in not telling her to call at his office for1 treatment and in not using proper appliances.
*687 The language, in substance, recently used by us in another case is applicable here: The only question presented for our consideration is whether appellant was entitled to judgment upon the answers of the jury to the interrogatories notwithstanding the general verdict. The jury, by their general verdict, have presumably found every material allegation in the complaint to have been proven; and that presumption conclusively prevails in this court unless the contrary is clearly shown by the answers to tlie interrogatories. Cleveland, etc., R. W. Co. v. Johnson, 7 Ind. App. 441.
“The special findings override the general verdict' only where both can not stand, and this antagonism must be apparent upon the face of the record beyond the possibility of being removed by any evidence legitimately admissible under the issues, before the court can be successfully called upon to direct judgment in favor of a party against whom a general verdict has been rendered. Amidon v. Gaff, 24 Ind. 128;” Indianapolis, etc., R. W. Co. v. Ott, 11 Ind App. 564.
In the language of Judge Elliott in another ease: “It is also true that the answers to the interrogatories can not control the general verdict if they are contradictory, although the verdict may be in irreconcilable conflict with some of these answers. Mitchett v. Cincinnati, etc., R. W. Co., 132 Ind. 334.” Young v. Mason, 8 Ind. App. 264.
In this case the jury, by their general verdict, find that appellant, by his negligence, want of skill and care, failed to reduce the fracture and to replace the dislocated parts, and that he left the same without any adjustment, and, that by reason of such unskillful treatment, the said wrist and adjacent parts are now enlarged, stiff and comparatively useless. The jury do not, in answers to the interrogatories, find that appellee was guilty of any *688 negligence on her part contributing in any degree to the injuries occasioned by the unskillful and negligent treatment of appellant. The jury do find that he informed her that he could still make her a fairly good wrist if she would give him an opportunity, but they do not find that this information was correct.
We quote from the decision in Young v. Mason, supra: “All we deem it necessary to say on this subject is that when we refer to the allegations in the complaint to which we have heretofore called attention, which, in view of the general verdict, so far as the question now under consideration is concerned, we must regard as having been proven on the trial, the court can not say, as a matter of law, in the absence of an express finding to the contrary, that the appellant was not injured or inconvenienced by reason of the alleged negligence of the appellee in failing to reduce the fracture near the wrist joint.”
In this case the finding included in the general verdict that appellee was injured and inconvenienced by reason of the alleged negligence of appellant, is not controverted by the facts specially found in answer to the interrogatories. Neither is it affirmatively found that appellee, by reason of disobedience to the directions of appellant or otherwise, was guilty of any negligence that contributed to the injuries caused by the unskillful treatment by appellant.
The jury do find that she did not give him a fair opportunity to heal her injured wrist; and they also find, in the same connection, that he did not treat her injured wrist with ordinary skill and care, but they do not find that he could or would have improved her condition if she had given him further trial. If he could have made her a fairly good wrist, if she had given him an opportunity, this would not have relieved him from liability *689 on account of the injuries she had sustained on account of his previous failure to exercise ordinary skill and care, and to which injuries she did not, by want of care on her part, in any degree contribute.
Filed Jan. 17, 1895.
Without further discussion, it will suffice to say, in the light of the principles enunciated in Young v. Mason, supra, that, in our opinion, the facts specially found by the jury in this case in answer to the interrogatories are not sufficient to overthrow the general verdict.
Judgment affirmed.